## E. B. Webb v. Texas Christian University.

### Decided December 18, 1907.

**1.—Certiorari—Petition—Service of Process.**

A petition seeking certiorari on a judgment against a garnishee an educational corporation on the ground that the writ was not served on the president of the corporation, the petition and record showing that no other service was had or attempted, was not subject to dismissal because it did not negative service by leaving a copy of the writ at the principal office.

**2.—Certiorari—Writ.**

A motion to dismiss certiorari because the writ was directed to the sheriff instead of the justice of the peace rendering the judgment sought to be reversed was properly overruled where the justice in obedience to the writ had sent up a proper transcript of the proceedings for revision.

**3.—Same.**

It seems that the only grounds on which a writ of certiorari can be dismissed are those enumerated in the statute (Rev. Stats., Art. 353) want of sufficient cause appearing in the affidavit or want of a sufficient bond.

**4.—Certiorari—Bond.**

The requirement that bond for obtaining certiorari shall be conditioned on the petitioner performing the judgment of the County or District Court means in each case the particular court applied to for the writ, and if the county court, the bond is properly conditioned for performance of its judgment, and not in the alternative.

**5.—Certiorari—Garnishment—Fee.**

The County Court revising on certiorari a judgment against a garnishee rendered by a justice of the peace, on a proper case being presented, tried the action de novo, and on discharging the garnishee has power to award him the attorney's fee for answering and defending provided by statute in garnishment suits.

#### ON MOTION FOR REHEARING.

**6.—Certiorari—Affidavit—Information and Belief.**

An affidavit for certiorari is not insufficient because partly made on information and belief only, when the parts so made are distinguished in the affidavit and enough matter to sustain the writ is positively verified.

Appeal from the County Court of McLennan County. Tried below before Hon. J. W. Baker.

*Eugene Williams* and *W. B. Carrington,* for appellant.—The petition or application for certiorari herein was fatally defective and the motion to dismiss same should have been sustained, because said petition did not negative the theory that the writ of garnishment was served by leaving a copy of same at the principal office of the corporation, during office hours. Article 1222, Rev. Stats., as amended by Acts 28th Leg., p. 66; Gulf, C. & S. F. Ry. Co. v. Kinney, 77 S. W. Rep., 18.

As the order of the judge commanded the clerk to issue the writ of certiorari, directed to T. G. Dilworth, J. P., a writ of certiorari directed to the sheriff of McLennan County was insufficient. Rev. Stats., art. 343.

The motion to dismiss certiorari should have been sustained for

want of the sufficiency of the certiorari bond filed by appellee, it being insufficient by reason of omitting the word "district" from that portion of the bond immediately before the word "court." Rev. Stats., arts. 347, 353, 354; Corley v. Renz, 25 S. W. Rep., 1130; Ft. Worth & D. C. Ry. Co. v. Henry, 88 S. W. Rep., 399; Turner v. South. P. L. Co., 16 Texas Civ. App., 545; Gulf B. and G. N. v. Lyons, 86 S. W. Rep., 44.

The allowance of said $25 fee, to be paid and taxed as a part of the costs, was error, because there is no provision made under chapter 2, "Certiorari to Justice Courts," authorizing the taxation of such fee.

*Prendergast & Williamson,* for appellee.

RICE, ASSOCIATE JUSTICE.—On the 5th day of May, 1906, appellant recovered in the Justice Court, precinct No. 1, McLennan County, a judgment against S. H. Horne for the sum of $100.47, together with interest and costs of suit, and on the 28th of May next thereafter caused a writ of garnishment to be issued in said cause against the Texas Christian University, appellee herein, and on the 25th of June, judgment was rendered by default against appellee in said garnishment proceeding for the sum of $104.06, with interest and costs; and on the 28th of August next thereafter execution was sued out upon said judgment against appellee and levied upon certain lots in the city of Waco, upon which were situated the college buildings and dormitories of said University, and caused the same to be advertised for sale on the first Tuesday in October, 1906.

On the 22d of September the Texas Christian University, appellee herein and plaintiff below, presented a petition for certiorari to the Hon. J. W. Baker, county judge of McLennan County, praying for a writ of certiorari to remove to the County Court for review said judgment theretofore rendered against it in said Justice's Court, upon the ground that said Justice's Court had no jurisdiction to render the same for want of legal service upon it; and further that injustice was done to appellee by the rendition of said judgment, and the same was not caused by its own inexcusable neglect.

The said judge upon consideration of said petition granted the same and ordered the writ of certiorari to issue upon appellee's giving a bond in a sum fixed by him, conditioned as required by law, which said bond having been given and approved, the writ of certiorari was duly issued by the clerk in compliance with the order of said judge to said justice of the peace, who thereafter prepared and sent a transcript of the orders upon his docket, together with the original papers in said cause to the County Court, where the same were duly filed by the clerk. Whereupon, at the next term thereafter of the County Court, appellant presented her motion to dismiss the certiorari proceedings for the several reasons set out in said motion, first, because she alleged that appellee's petition for certiorari did not negative the idea that said writ of garnishment may have been served upon appellee by leaving a copy thereof at

the principal office during office hours; second, because she alleged that the writ of garnishment was not directed as ordered by the judge to T. G. Dilworth, justice of the peace of precinct No. 1, of McLennan County, but to the sheriff of said county, and because the writ failed to command said justice to make and certify the orders in said cause, but merely commanded the sheriff to cause said justice to do so; and, third, because no sufficient bond for the writ of certiorari had been filed, as required by law. Which motion to dismiss was overruled by the court and judgment rendered on appellee's answer to said writ of garnishment dismissing it and awarding judgment in its favor for $25 as a garnishee fee against appellant, from which judgment appellant prosecutes her appeal.

Appellant by her first, second, third and fourth assignments of error complains of the action of the trial court in refusing to sustain her motion to dismiss the certiorari proceedings, because the petition therefor failed to negative the idea that service may have been had upon said corporation by leaving a copy of the writ of garnishment at the principal office of said company during office hours.

There are three modes known to our law by which citation may be served upon an incorporated company: First, the citation may be served upon the president, secretary or treasurer of such company; second, upon the local agent representing such company in the county in which the suit is brought; or, third, by leaving a copy of the same at the principal office of the company during office hours. (Art. 1222, Rev. Stats., as amended by the Acts of 1903, 28th Leg., p. 66.) It appears from the record in this case that the first mode of service, as above prescribed, was the one adopted by appellant in attempting to serve appellee with the writ of garnishment, because the writ itself commanded the officer to summon the said Texas Christian University, by serving its said president, E. V. Zollars, with a copy thereof. The return upon said writ shows that it was executed on the same day by delivering to said Zollars, president of said University, a copy thereof. The judgment in the garnishment proceedings in the Justice's Court, among other things, recited that service of said writ of garnishment had been made upon Zollars, the President of said Texas Christian University; and it is alleged in the petition for certiorari that the said service is the only service that was ever had upon said corporation in any way or by any person in said garnishment case. The petition for certiorari, together with the several exhibits thereto, showed clearly that the only service of said writ of garnishment was made upon E. V. Zollars as president of said Texas Christian University, and the entire record of the garnishment proceedings discloses that no effort was made to serve said corporation by leaving a copy at its principal office during office hours.

Hence, it follows that if Zollars was not the president of said corporation at the time said writ of garnishment was served upon him, and had no authority to represent said University, as alleged in the sworn petition of appellee for writ of certiorari, and which allegations were not contested by appellant, then no such service

was had upon it in said garnishment proceedings as would authorize judgment against appellee, and the same was void, and was therefore properly removable by certiorari proceedings to the County Court for review, the other requisites of a petition for certiorari having been complied with.

It is shown from the allegations of appellee's petition for certiorari that Zollars was not at the time said writ was served upon it, or at any other time, President of said Texas Christian University, but that T. E. Shirley was at said time its president and secretary, and these facts were not disputed by appellant. Besides this, the answer of appellee set up other facts showing that injustice was done it by the judgment in the garnishment proceedings, and that such injustice was not caused by its own inexcusable neglect; wherefore we think judgment was properly rendered in its favor.

But appellant contends by her fifth, sixth and seventh assignments of error that the court erred in overruling and failing to sustain her motion to dismiss the certiorari proceedings herein, because, as set forth in paragraph 2 of said motion, the order for certiorari commanded the clerk to issue the writ of certiorari directed to T. G. Dilworth, justice of the peace, whereas the pretended writ issued under said order was and is directed to the sheriff of McLennan County, and not to said justice of the peace. Each of the above assignments is addressed to the same supposed technical defect in the writ of certiorari; and it is contended by appellant that if said writ was improperly directed to the sheriff, instead of the justice of the peace, the whole suit should be dismissed.

We do not concur with appellant in this contention. Article 353 of the Revised Statutes provides that at the first term of the court to which the certiorari is returnable the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond. This seems to imply that a motion should not prevail predicated upon any other defect in the proceedings than those named in the statute, to wit: want of sufficient cause appearing in the affidavit, or for want of sufficient bond. We are inclined to the opinion that these are the only causes for which a party may move to dismiss the certiorari proceedings. This statute has heretofore received the same construction by the courts. (Peck v. Reed, 3 Texas App. C. C., sec. 265; 2 W. & W., sec. 108.) But, even if we are not correct in this position, we do not believe that the supposed technical defect complained of by appellant should prevail, because in this case the justice had complied with the requirements of the law in preparing a transcript of the record in the garnishment proceedings, and filing the same together with the original papers, in the County Court, thereby in effect doing all that he could have done in the event the writ of certiorari had complied in every respect with the law. Besides this, it has been held in this State that even where the clerk had issued a subpoena duces tecum to the justice of the peace in certiorari proceedings, instead of the writ of certiorari, it would be no ground for dismissing the proceedings where the justice had complied with the law by filing a transcript and original papers in

the County Court. (Beauchamp v. Schiff, 3 Texas App. C. C., sec. 170; Nelms v. Draub, 22 S. W. Rep., 995.)

Appellant by her eighth assignment of error questions the correctness of the judgment of the trial court in overruling her motion to dismiss the certiorari proceedings, because it was alleged in paragraph 3 of appellant's motion to dismiss that there was an insufficient bond given, in this, that the statute requires that such bond shall be conditioned that the party applying for the certiorari will perform the judgment of the County or District Court, if the same shall be against him, whereas the bond in this case omits from the above clause the word "district," and is therefore defective and does not comply with the law. It will be observed by reference to our statute upon the subject of certiorari to justice courts that a cause may be removed to the County Court by writ of certiorari; or, if the jurisdiction has been transferred from the County to the District Court, then the District Court would have jurisdiction to issue the writ in the manner thereinafter directed. Art. 342 provides that the writ may be issued by the order of the County Court or judge thereof, or the District Court or the judge thereof, if jurisdiction of the County Court has been transferred to the District Court, as provided in the preceding article. It is true that art. 347 does provide that the writ of certiorari shall not be issued unless the party applying therefor shall first cause to be filed a bond in such sum as the judge shall direct, to be approved by the clerk and payable to the adverse party, conditioned that the party applying therefor will perform the judgment of the County or District Court, if the same shall be against him. But we think that it is obvious that the expression "County or District Court" in said statute was merely intended to mean that the bond should be conditioned that the party appealing should perform the judgment of the particular court applied to, to issue the proceedings, because in those counties in which the jurisdiction of the County Court had been transferred to the District Court, the party applying for the writ of certiorari would necessarily be compelled to resort to the judge of the District Court in order to obtain the writ; and in cases where the County Court exercised jurisdiction the party applying for a writ of certiorari could not in any event seek redress in the District Court, but must necessarily apply for the writ to the judge of the County Court. And in this case we think it would have been error for the bond to have been conditioned as contended for by appellant, and that appellee was correct in conditioning the same to perform the judgment of the County Court.

Appellant by her ninth assignment of error complains of the action of the trial court in allowing a fee of $25 in favor of the garnishee, to be taxed as a part of the costs of the suit as against appellant, and contends that as the allowance was not authorized by the certiorari statute that the garnishee was not entitled to such fee. Appellant insists that chapter 2, Revised Statutes, upon the subject of certiorari to Justice Court, contains no provision authorizing taxation of such fee, and that the proceedings in the County

Court, being based upon such statute, it was not proper for the court to tax the fee under art. 253, Revised Statutes.

When a case has been properly removed by certiorari from the justice to the County Court, it is proper for said court to hear and determine the case upon its merits. The certiorari statute itself, art. 359, provides that the case shall be tried de novo in the County or District Court, and judgment shall be rendered as in cases of an appeal from the Justice Court. Article 358 provides that either party may plead any new matter in the County or District Court which was not presented in the court below, etc.

From a consideration of said articles, as well as the obvious policy of the law in permitting a review of the judgment of the Justice's Court, it is evident that it was contemplated that the trial in the County Court should be de novo, and entitle the parties litigant to a determination of any matter that may have been in issue in the Justice's Court, or that could be made such in the County Court by pleading of the parties.

In this case appellee had answered fully upon the facts, which answer had not been contested by appellant. It was therefore entitled to a judgment in its favor discharging it; and was further entitled to a reasonable garnishee's fee to be taxed against appellant as a part of the costs. It is within the discretion of the court to determine what amount of fee in such cases is reasonable, and in this case we do not think that this discretion was abused. (Art. 253, Rev. Civ. Stat.)

After a full consideration of all points raised by appellant, aided by able briefs of counsel for both parties, we are constrained to believe that the judgment of the trial court was in all things correct, and it is therefore affirmed.

*Affirmed.*

OPINION ON MOTION FOR REHEARING.

RICE, Associate Justice.—Since the affirmance of the judgment in this case appellant has filed a motion for rehearing. In addition to the contention made in her brief filed in this court, appellant earnestly urges in said motion, supplemented by an elaborate written argument submitted therewith, that the court erred in affirming the judgment in this case, because it appears from an inspection of the jurat attached to the petition for certiorari that the parties swearing thereto did not do so wholly upon their own knowledge, but partly upon information and belief. While this question was not urged by appellant in the trial court in her motion to dismiss the petition for certiorari, nor in her brief filed in this court, and for which reasons the same might be held to be waived (Williams v. Bailes, 9 Texas, 61; Rankert v. Clow, 16 Texas, 11; Ashcroft v. Stephens, 16 Texas Civ. App., 345; Gildart v. Grumbles, 22 Texas, 18), still we do not desire to rest our ruling upon appellant's failure to heretofore present this question, but rather prefer to determine the same upon its merits, and as though it had been properly presented both in the trial court and in this court.

Each of the four affiants who swore to said petition, did so in

the following language: "I do solemnly swear that the allegations in the above and foreging petition or application, not stated upon information and belief, are true, and those stated upon information and belief, I believe to be true." If, therefore, there are sufficient matters alleged in the petition not stated upon information and belief to authorize the issuance of the writ of certiorari, then we think the affidavit is good, otherwise not.

Now, recurring to the petition or application for the writ, we find that it affirmatively alleges the facts upon which it relies for the issuance of the writ, except in two particulars. One of these is the statement "that thereafter on June 25, 1906, said justice, as he informs this corporation through its attorney, without any evidence whatever having been introduced or heard by him, rendered a final judgment by default against this corporation for the sum of $104.06, with six percent per annum interest thereon from date until paid, and all costs of suit," etc. But the petition alleges affirmatively that "a substantial copy of said judgment is hereto attached, marked exhibit 'A' and made a part hereof." Upon examination of said exhibit "A" we find a transcript of the justice's docket which contains the judgment of the Justice's Court rendered in the garnishment proceedings, and in which it is recited that "It further appearing to the court that the garnishee, Texas Christian University, is a resident of McLennan County; that said garnishee has failed to make answer to the writ of garnishment, which was duly and legally served upon its president, E. V. Zollars," etc. The only other statement made in the petition upon information and belief is an allegation to the effect that on May 29, 1906, said Zollars had no further connection in any way with defendant or its school, and on said date permanently removed from the State of Texas to the State of Ohio, "and, as it is informed and believes, became a citizen of said State of Ohio, and has continuously since then been such citizen of said State."

The attack in the petition for writ of certiorari is upon the judgment of the Justice's Court upon the ground that the same was rendered without legal service, and is therefore void. It appears from the petition for the writ and the exhibit thereto attached, that the judgment was by default, and the character of service upon Zollars also appears therefrom. We think both of the allegations which appear to have been made upon information and belief, as shown in plaintiff's petition, related to other matters, not affecting the kind or character of service, and said allegations might have been eliminated therefrom and still have left a good and valid petition for certiorari. All of the other allegations in said petition set forth the facts relied upon affirmatively, and must be held, according to the recitation in the certificate of the officer, as having been affirmatively sworn to by affiants making the same. The judgment of the Justice's Court as sent up in the transcript, shows that the service was made upon Zollars as president of defendant company, and it is held in Spinks v. Mathews, 80 Texas, 374, cited by counsel for appellant, that "in certiorari cases the record of the Justice's Court when sent up will be looked to in connection with the petition."

In said case the averments of the petition were modified by the record of the Justice's Court thus sent up. In the case at bar, looking to the transcript of the justice, as attached to the petition as an exhibit, for the purpose of ascertaining what character of service was in fact made upon defendant, and what character of judgment was rendered, we find that the only character of service made of the writ of garnishment was personal service upon Zollars, its alleged president, and that the judgment was by default.

Besides this, the authorities cited and relied upon by appellant in support of her contention that the affidavit was not sufficient, shows that the affidavits in those cases differ materially from the one in the case at bar. In Spinks v. Matthews, *supra,* the officer's certificate shows that the affiant only swore that the allegations and statements contained in the above and foregoing petition or affidavit were true and correct to the best of his knowledge and belief. In the case of Graham v. McCarty & Brown, 69 Texas, 323, a plea of abatement was being considered, and the affidavit to same showed that no part of the same was made according to the knowledge of affiant, but was to the best of his knowledge and belief. It was therefore held bad. In the case of Hunt v. Atchison, Topeka & Santa Fe Ry. Co., 28 S. W., 460, the point made was not the same as in the case under consideration, but was as to whether or not the facts contained in the affidavit might be sworn to by any person other than an agent of the plaintiff. In the case of Missouri, K. & T. Ry. Co. of Texas v. Pietzsch, 10 Texas Civ. App., 572, it was held that a plea alleging want of notice was not sufficiently verified by an affidavit that as to the statements made therein "I am reliably informed and verily believe them to be true."

Such affidavits in the cases above referred to and cited by counsel for appellant, are not equivalent, in our judgment, to the one in question, where the affiants swear in fact that all the allegations of said petition, "not made upon information and belief, are true," and those made upon information and belief, they verily believe to be true; and where the record, as in the present case, shows that only two matters are stated in the petition upon information and belief, and all others appear to be affirmatively stated, then it must be held that the parties making the affidavit swore positively to the truth of the facts contained in said petition, with the two exceptions; and where these exceptions are as to immaterial matters, and can be eliminated, leaving a sufficient petition, we think that the affidavit is sufficient.

Appellant does not contend that the service of the writ of garnishment, as we understand in this case, was made by leaving a copy thereof at the principal office of the defendant during office hours, but only contends that the petition does not negative the idea that such may have been the case. From the allegations of the petition aided by the transcript, it does appear that the service in fact made was personal service upon Zollars, the alleged president of the company, as commanded in the writ itself. It is recited in the judgment rendered by the justice, that service had been made upon defendant by serving Zollars, the president of defendant com-

pany; and the return of the constable making the service shows that it was made upon him as president of the company. And as all these facts appear from the allegations of the petition, together with the exhibit thereto attached, it seems to us that the rule "*expressio unius est exclusio. alterius,*" applies, and that where, as in this case, the record discloses that a certain character of service was in fact made, and the further allegation is made that this was the only service had upon the defendant, it is sufficient, and excludes the idea that any other kind or character of service was made upon the defendant than the one alleged.

We have been led to a reinvestigation of the questions involved by reason of the earnest insistence of counsel for appellant that the court had erred in its former opinion affirming the judgment; but after a full and careful review of the same, we feel satisfied that a correct disposition has been made of the case, and therefore overrule appellant's motion for rehearing.

*Motion overruled.*