### CITY OF HOUSTON V. ELIZABETH BAMMEL.

Decided January 18, 1909.

#### 1.—Easement—Streets and Public Ways—Cities and Towns.

The only title which a city can acquire to a street or public way by use thereof is a title to the easement as such, and when the public necessity for such easement has long since ceased to exist and its use has been abandoned, and it is conclusively shown that the property will never again be used as a public way or street, the owner of the fee has the right to the possession of the property.

#### 2.—Limitation—Adverse Possession.

Where the husband conveyed a strip of land, a part of the homestead, to the city for use as a road or way and as a means of ingress and egress to and from a certain school, the use of the strip by the public for ten years as a way to and from the school was not such adverse possession as would give the wife notice that the city was claiming title to the fee, and therefore not such adverse possession as would support a claim of the city to title by five years possession under the deed.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*W. H. Wilson,* for appellant.

*F. F.* and *E. T. Chew,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by the appellee against the appellant. The property in controversy is a strip of land 12 feet in width and about 300 feet long lying along the western boundary and being a part of a 3-acre tract in the city of Houston owned and occupied by appellee and her deceased husband as a homestead. The petition of plaintiff, in addition to the general allegation of title, specially pleads title by limitation of five and ten years. The defendant answered by plea of not guilty, and specially pleaded title by limitation of five and ten years, and also claimed title by prescription and user of said strip of land as public way or street by the citizens of said city for more than twenty years. After hearing the evidence the court instructed the jury to find a verdict in favor of plaintiff and, upon the return of such verdict, judgment was rendered in accordance therewith.

The uncontradicted evidence adduced upon the trial establishes the following facts: On the 22d of December, 1881, William Bammel, who was the husband of appellee, conveyed the strip of land in controversy to the city of Houston. This deed recites a consideration of $10, and further recites that said land was "purchased by said city for use as a public road or way and as a means of ingress and egress to and from Gregory Institute." This deed was duly recorded on August 14, 1893. At the time of this conveyance the property was a part of the community homestead of appellee and the said William Bammel. Appellee did not join in the deed and did not know of its execution until shortly before this suit was filed in 1905. When this deed was executed the Gregory Institute property, which was owned by colored citizens of the city of Houston, was being used for public school purposes by said city, and children from all parts of the city attended school at that place. The Institute property was not adjoining or connected with any street or public way of the city, and the property surrounding it having been fenced, it became necessary to secure a right of way for children attending said school, and at the request of the patrons of the school the city procured from William Bammel the strip of land in controversy as a way of ingress and egress to and from said school. The right of way furnished by this strip has never been connected with any public way or street of the city. The south end of the strip was never opened and was only useful to those going to and from the school building. The north end of the strip abutted upon land belonging to the Rice Institute, which was open, and across which any person might go and thus reach the public streets of the city. The Rice Institute land was fenced in 1892, and thereafter the strip of land in controversy could only be reached by crossing the property of appellee. To accommodate the

school children and for their own convenience William Bammel and appellee, after the Rice Institute land was fenced, permitted the use of a strip along the north line of their land connecting the strip in controversy with a public street running east of their premises. The school was removed from the Gregory Institute property in 1893 or 1894, and since that time the strip in controversy has not been used by the city nor by any portion of the public as a roadway or for any purpose, but has been in the possession of appellee and her husband, and has been used in connection with and as a part of the family homestead. William Bammel died in 1898 and the appellee has continued to reside upon the 3-acre tract which includes the land in controversy, and is now occupying it as her homestead.

After William Bammel conveyed the property to the city he moved his fence from the west to the east side of the strip in controversy along a portion of said strip, but there was no fence extending the entire length of the strip along its east line. William Bammel and appellee have paid the taxes on the entire 3-acre tract upon which their homestead was situated for each of the five years next preceding the filing of this suit, their rendition being for 3 acres of land and no special rendition being made of the strip in controversy. Just before this suit was filed appellee, through her son, applied to the city authorities for permission to rebuild her fence along the west line of the strip in controversy. This request was refused on the ground that the strip was the property of the city. Appellee testified that this was the first information she had of the fact that the city was claiming title to the land. The evidence further shows that the request for permission to rebuild her fence along the west line of the strip was made under the impression that it was necessary under the city ordinance to obtain permission of the city authorities before any new fencing could be built in the city.

We shall not discuss the various assignments of error in detail. It is not contended by appellant that the deed of William Bammel conveyed the title to the fee in the land in controversy to the city. Any attempted conveyance by the husband of the fee in any part of the homestead without being joined by his wife is void as to her, and she can recover the title thus attempted to be conveyed by the husband. (Stallings v. Hullum, 89 Texas, 431.) Appellant's contention that the husband can convey a right of way or easement over the homestead without the consent of the wife, if such easement does not interfere with her use and enjoyment of the homestead, is amply supported by authority. It has also been held that a city can acquire title to a street by limitation, and that the ordinary use of a street by authority of a town or city is such adverse possession as will support the statute of limitation. (Moore v. City of Waco, 85 Texas, 211.) It is further settled by the decision of our Supreme Court that limitation will run against the wife's interest in a community homestead or in a homestead which is the separate property of the husband. (Hussey v. Moser, 70 Texas, 42; Smith v. Uzzell, 61 Texas, 221.) Under appropriate assignments appellant assails the judgment of the court below upon the following grounds: First: Because upon the undisputed evidence appellant had title to the land in controversy under the stat-

utes of limitation of five and ten years, or, if this is not true, the evidence certainly raised the issue of title in appellant by limitation and that issue should have been submitted to the jury. Second: Because if the evidence does not conclusively show a dedication of the land to the public as a public street or roadway, it at least raises that issue and such issue should have been submitted to the jury. We think neither of these objections to the judgment should be sustained. The only title which a city can acquire to a street or public way by use thereof is a title to the easement as such, and when the public necessity for such easement has long ceased to exist and its use has been abandoned, and it is conclusively shown that the property will never again be used as a public way or street, the owner of the fee has the right to the possession of the property. The use of the strip in question by the public for ten years as a way of ingress and egress to and from the Gregory school was not such adverse possession as would give the appellee notice that appellant was claiming title to the fee in the land, and was therefore not such adverse possession as would support appellant's claim to title by five years of possession under the deed from William Bammel. The circumstances under which the deed from Bammel was acquired, the use to which the property was put, the long total abandonment of that use caused by the removal of the school, the situation of the property with reference to the other public streets and roadways of the city showing its uselessness for general street purposes, we think lead irresistibly to the conclusion that the property was never acquired by the city for permanent street purpose and will never be used as a public street or roadway. It has been entirely inaccessible to the public since 1893 or 1894, and, as before stated, its situation is such that it can never be useful to any portion of the public as a street or roadway. We think the facts conclusively show that the only right acquired by the city in the property was an easement for the use of the Gregory school and its patrons, and this right of easement being no longer necessary or possible of exercise has ceased to exist and appellee was entitled to have the jury instructed to find a verdict in her favor for the title and possession of the land.

In our opinion none of the assignments presents any reversible error and all are therefore overruled, and the judgment of the court below affirmed.

*Affirmed.*

### OPINION ON REHEARING.

In the motion for rehearing filed by appellant complaint is made of our finding of fact in the main opinion heretofore filed in this case, that the deed under which appellant claims recites that the land in controversy was "purchased by said city for use as a public road or way and as a means of ingress and egress to and from Gregory Institute." This statement as to the purpose for which the land was purchased was copied literally from appellant's brief. It appears in the brief in the same sentence in which the recitals of the deed describing the land are stated, and we were in this way misled, and erroneously concluded without examining the deed that it contained the recital as

to the purpose of the purchase of the land above quoted. The deed does not contain such a recital, but the uncontradicted evidence establishes the truth of the statement, and, as before stated, it is copied literally from the statement of the case made in appellant's brief. We also state in our main opinion that the deed to the city was recorded in 1893. This should have been written 1883, as the record shows it was recorded in that year. We were also in error in stating that the request of appellee "for permission to rebuild her fence along the west line of the strip was made under the impression that it was necessary under the city ordinance to obtain permission of the city authorities before any new fencing could be built in the city." The record does not show any explanation of such request. We got the statement from appellee's argument, which was not contradicted by the appellant, but as it is not sustained by the record it should not have been found by us as a fact conclusion.

None of these erroneous statements in any way affect the point upon which our decision rests, and, as we see no reason for changing our former opinion, the motion for rehearing is overruled.

*Overruled.*