## HOUSEHOLD FURNITURE CO. v. ALVARADO. (No. 6856.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1923. Rehearing Denied Jan. 24, 1923.)

1. **Corporations** ⬀507(4)—**Methods of serving citation upon corporation enumerated.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1860, there are three ways in which a corporation may be served with citation: First, upon the president, secretary, or treasurer of the company; second, upon the local agent representing such company in the county in which suit is brought; and, third, by leaving a copy of the citation at the principal office of the company during office hours.

2. **Judgment** ⬀17(2)—**Default judgment authorized only where citation served according to statutory method.**

To authorize judgment by default, the sheriff's return must show that the citation was served by one of the methods named in Vernon's Sayles' Ann. Civ. St. 1914, art. 1860, and this must appear even though the judgment recites that defendant was duly served.

3. **Appeal and error** ⬀934(3) — **Appellate court will not presume that trial court heard testimony proving that citation was served on officer of corporation, where return does not show it.**

Where judgment by default was rendered against a corporation upon a citation not served in any of the methods enumerated by Vernon's Sayles' Ann. Civ. St. 1914, art. 1860, the appellate court will not presume that the trial court heard testimony which proved that the citation was served on an officer of the corporation.

4. **Corporations** ⬀507(11)—**Service of citation as shown by return held not made on president in accordance with law.**

Where citation was served upon a corporation and the sheriff's return recited that service was made by "serving Mr. L., who accepted service for J. K., president, in person, a true copy of this citation," the service was void, as not made on the president in accordance with Vernon's Sayles' Ann. Civ. St. 1914, art. 1860.

Error from District Court, Bexar County; R. B. Minor, Judge.

Action by Francisco Alvarado against the Household Furniture Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Lewright & Lewright, of San Antonio, for plaintiff in error.

Davis & Long, of San Antonio, for defendant in error.

FLY, C. J. This is a writ of error from a judgment by default rendered in favor of defendant in error and against plaintiff in error in the sum of $2,500. The suit was for damages alleged to have accrued to defendant in error through the negligence of plaintiff in driving a motor truck into him while he was riding on a bicycle along Santa Rosa avenue in the city of San Antonio, near the intersection of the street named with West Commerce street. The citation was directed to the Houshold Furniture Company, and the return is as follows:

"Came to hand 1st day of October, A. D. 1921, at 9:00 o'clock a. m. and executed 1st day of October, A. D. 1921, in San Antonio, Bexar county, Texas, at 10:40 o'clock a. m. by delivering to Household Furniture Company by serving Mr. Lockhart, who accepted service for James Kapp, president, in person, a true copy of this citation."

The judgment recites that plaintiff in error was duly cited but made default.

[1, 2] In the citation the sheriff or constable was directed to summon the Household Furniture Company to appear before a certain court on the first Monday in October, 1921, and near the close of the writ the officer is commanded to deliver it to plaintiff in error, by serving James Kapp, president, in person, with a true copy of the writ. The petition alleged that "Mr. James Kapp is president and upon whom service of process in this cause may be had." The service is assailed on the grounds that the return fails to show that the citation was delivered to the president, the secretary or treasurer of the corporation, or to a local agent, or that a copy of the citation was left at the principal office of the company during office hours as required by the statute. There are three ways in which a corporation may be served with citation: First, upon the president, secretary, or treasurer of the company; second, upon the local agent representing such company in the county in which the suit is brought; and, third, by leaving a copy of the citation at the principal office of the company during office hours. Vernon's Sayles' Civil Statutes, art. 1860. The return of the officer in this case fails to show that the citation was served on the president, secretary, or treasurer of the company, or that it was served on a local agent of the company, or that a copy of it was left at the principal office of the company during office hours. The return affirmatively shows that the citation was not served in either of the three ways prescribed by statute, but that it was served upon "Mr. Lockhart, who accepted service for James Kapp, president, in person." Who "Mr. Lockhart" may be is not disclosed by the record, nor is any effort made to show his authority for accepting service for the president of the company; nor is it shown where this Mr. Lockhart was when he undertook to represent the president of the company. There can be no doubt that to authorize a judgment by default the sheriff's return must show that the citation was served by one of the

methods named in the statute, and this must appear even though the judgment recites that the defendant was duly served. Roberts v. Stockslager, 4 Tex. 308; Burditt v. Howth, 45 Tex. 466; Wheeler v. Ahrenbeak, 54 Tex. 536; Railway v. Burke, 55 Tex. 323, 40 Am. Rep. 808; Treadway v. Eastburn, 57 Tex. 214; Miller v. Bank (Tex. Civ. App.) 184 S. W. 615; Kimmell v. Edwards (Tex. Civ. App.) 193 S. W. 363; Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731. In all the cases cited, and many others, it is held that a judgment by default cannot be upheld unless the requirement of the statute in regard to citations and service thereof are strictly followed. As said by Chief Justice Hemphill in the cited case of Roberts v. Stockslager:

"The provisions of the statute, as to the mode of service, and the fullness of the return, are as plain, as they are imperative. They cannot be mistaken; and the courts should not permit them to be disregarded. They prescribe the mode by which the court acquires jurisdiction over the person of the defendant; and as this is necessary to give validity to its acts and judgments, the regulations * * * should be strictly observed by the officers charged with the duty, and enforced by the tribunal before which the matters in controversy are to be determined."

That has been an expression of the law of Texas for over 70 years, and it has never been questioned or limited in any manner.

[3] Defendant in error admits in effect that the return does not show service of the citation as required by statute, but argues that this court should presume that the trial court heard testimony which proved that the citation was served on an officer of the corporation. To sustain this contention appellee cites the cases of Railway v. Wells (Tex. Civ. App.) 23 S. W. 31; Railway v. Moore, 98 Tex. 302, 83 S. W. 362, 4 Ann. Cas. 770; El Paso & S. W. R. Co. v. Kelly (Tex. Civ. App.) 83 S. W. 859, and 99 Tex. 92, 87 S. W. 660; Gutierrez v. Cuellar (Tex. Civ. App.) 236 S. W. 497; and Tankersley v. Sales Co. (Tex. Civ. App.) 242 S. W. 329. None of the cases cited go to the length of presuming as defendant in error would have this court to presume in this case. In the case of Railway v. Wells, no officer of the railroad was named in the petition and the return showed that service was had on Reagan Houston described in the return as secretary of the corporation, and the court held that prima facie he was the secretary. In the Railway v. Moore Case it was merely held that, when service was had on a former agent of the company, it will be presumed he was the agent when served. The case of Railway v. Kelly, holds that the service of process to be binding must be made upon the identical officer or agent prescribed by statute, and held that a return to the effect that citation was

delivered to H. J. Simmons, local agent of the corporation, was sufficient. The case of Gutierrez v. Cuellar does not touch on the point involved herein, and the case of Tankersley v. Sales Co. merely deals with a slight irregularity and nothing material in the citation, such as using the name "Rankersley" where "Tankersley" was intended.

[4] In this case the citation commanded service on the corporation through its president, Kapp, and the return showed that service was not made on Kapp or any other officer or agent of the corporation. Lockhart is not described as an officer or agent of the corporation, but seems to have assumed the role of an agent for Kapp. Such service is not sustained by any decision to which our attention has been called, and certainly is not sustained by the statute. This court will not indulge in the presumption that the court ascertained that a person who was not served at all with citation was the agent of the company and that there was therefore proper service on plaintiff in error.

The judgment is reversed, and the cause remanded.