**DICKERSON et al. v. McCONNON & CO.**
**(No. 803.)**

(Court of Civil Appeals of Texas. Beaumont.
Feb. 13, 1923.)

1. **Appeal and error ☞755—Brief considered, despite noncompliance with rules, where court committed fundamental error.**

Where the court sustained a general demurrer to an answer setting up a good defense, appellants' brief will be considered, though the rules for briefing were not complied with, such ruling constituting fundamental error, which the appellate court may notice without any brief.

2. **Monopolies ☞17(1)—Contract binding retailer to sell wholesaler's goods exclusively at prices fixed by him held void.**

A contract binding a retailer to sell goods furnished him by a wholesaler at a price fixed by the latter within certain counties only, and not to sell similar merchandise obtained from others, held null and void as violating the anti-trust statutes (Rev. St. arts. 7796, 7798).

3. **Guaranty ☞78(1)—Guarantor may interpose invalidity of contract though principal did not.**

That one sued for a sum due on an open account for merchandise sold to him did not interpose the invalidity of the contract as in violation of the anti-trust statutes (Rev. St. arts. 7796, 7798) did not prevent his codefendants, as guarantors of the account, from interposing such defense.

4. **Monopolies ☞21—Existence of monopolistic contract held for jury.**

Whether goods, for the price of which suit was brought against the buyer and guarantors of his account, were sold under a contract binding the buyer to resell at prices fixed by the seller, and to handle the latter's goods exclusively in violation of the anti-trust statutes (Rev. St. arts. 7796, 7798), as alleged by guarantors, held for the jury.

5. **Pleading ☞291(1)—Guarantor's answer alleging invalidity of contract under which goods were sold need not be verified.**

In an action against guarantors of an open account for goods sold, an answer alleging invalidity of the contract under which the goods were sold requires no verification, not being in the nature of a plea of failure of consideration.

6. **Pleading ☞205(2)—Plea requiring verification good on general demurrer though not verified.**

Evidence may be introduced in support of an unverified plea attacked only by general demurrer, even if it is such as requires verification, in the absence of a special exception attacking it on such ground.

Appeal from District Court, Sabine County;
V. H. Starke, Judge.

Action by McConnon & Company against T. J. Dickerson and others. From a judgment for plaintiff, the named defendant and

another appeal. Reversed and remanded as between plaintiff and appellants, and affirmed as to the remaining defendant.

Minton & Lewis, of Hemphill, for appellants.

Goodrich, Davis & McWilliams, of Hemphill, for appellees.

HIGHTOWER, C. J. Appellants' brief contains a statement of the nature and result of this suit, which is conceded by appellee to be correct, and which, so far as necessary, we here adopt:

"This was a suit from the district court of Sabine county, Tex., by McConnon & Co., a corporation of Winona, Minn., a concern engaged in manufacturing and dispensing medicines, perfumes, toilet articles, extracts, etc., as plaintiff, against J. L. Dickerson, T. J. Dickerson, and B. E. Marshburn, as defendants, wherein plaintiff sought to recover of the defendant J. L. Dickerson the sum of $835.15 on a verified open account for various items of merchandise, such as spices, perfumery, soaps, extracts, etc., and also sought to recover judgment against defendants T. J. Dickerson and B. E. Marshburn for a like sum as guarantors of said account."

The verified account against J. L. Dickerson was attached to plaintiff's petition, and the contract of guaranty by defendants T. J. Dickerson and B. E. Marshburn was in writing, and was also attached as an exhibit. This contract, in full, reads as follows:

"For and in consideration of one dollar, to us in hand paid by McConnon & Co., the receipt of which is hereby acknowledged, we hereby jointly and severally guarantee, absolutely and unconditionally at all times, payment at Winona, Minn., of any indebtedness to the said McConnon & Co., hereafter incurred by or for J. L. Dickerson of Bronson, State of Texas by reason of the sale of goods, wares and merchandise to him, from time to time, by the said McConnon & Company, regardless of his ability or willingness to pay, and we hereby waive notice of any default by the said J. L. Dickerson and consent to any extension by McConnon & Co. at time of payment by him.

"This undertaking shall be an open one and shall so continue at all times without respect to residence or location of business of the said J. L. Dickerson, until in writing by us, the undersigned sureties, notice of revocation to be served on the said McConnon & Company at its office in Winona, Minn.

"It is understood that there are no conditions or limitations to this undertaking, except those written or printed hereon, at the date hereof, and that after execution no alteration, change or modification hereto shall be binding or effective, unless executed in writing signed by ourselves and McConnon & Co. under the corporate seal of said company.

"In witness whereof, we have set out hands and seals at Winona, Minn., this 4th day of April, 1919. [Signed] T. J. Dickerson.
"B. E. Marshburn."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant J. L. Dickerson made no answer to the plaintiff's suit, and judgment by default was rendered against him in favor of the plaintiff for the full amount sued for.

Defendants T. J. Dickerson and Marshburn made no denial of plaintiff's account, either in whole or in part, nor did they deny the written contract of guaranty above set out, but they did affirmatively answer, substantially, that all the items of merchandise set out in the verified account sued on by plaintiff were sold and delivered by plaintiff to J. L. Dickerson under and by virtue of a written contract made and entered into between the plaintiff and J. L. Dickerson, and that such written contract provided, among other things, the following: (a) That all of said goods, wares, and merchandise were sold outright by plaintiff to defendant J. L. Dickerson, and charged to his account; (b) that by the terms of said written contract, plaintiff bound said defendant J. L. Dickerson to sell all the goods, wares and merchandise furnished by plaintiff to him at a retail price fixed by plaintiff, and bound said J. L. Dickerson not to sell any of said goods at any other price than the retail price fixed by plaintiff; (c) that said J. L. Dickerson was to have the right, under said contract, to sell said goods, wares, and merchandise only within the limits of Sabine and San Augustine counties during the life of said contract; (d) that said J. L. Dickerson, under the terms of said contract, was to engage exclusively in the business of selling and distributing the goods, wares and merchandise furnished to him by plaintiff; (e) that during the life of said contract said defendant J. L. Dickerson was not to engage in the handling or the sale of any other like or similar merchandise obtained by him from any other person or concern, but was to handle and sell only the goods, wares, and merchandise furnished to him by plaintiff. This answer further alleged that the written contract under which said merchandise was sold by plaintiff to J. L. Dickerson, as above pleaded, was in possession of the plaintiff, and that neither of the defendants T. J. Dickerson nor B. E. Marshburn had a copy thereof, and plaintiff was given notice to produce said written contract on the trial of the cause, failing in which said defendants would offer secondary evidence showing its execution and contents.

To the answer of the defendants T. J. Dickerson and B. E. Marshburn, sued as guarantors, the plaintiff interposed a general demurrer, which was sustained by the trial court, and, these defendants declining to amend, the trial proceeded with a jury, and a verdict was instructed in favor of the plaintiff against J. L. Dickerson for the amount of the open account sued on, and also in favor of the plaintiff against the guarantors, T. J. Dickerson and B. E. Marshburn, for the same amount, and judgment was rendered accordingly, from which T. J. Dickerson and Marshburn have prosecuted this appeal.

[1] At the outset we are met with objections by counsel for appellee to any consideration by this court of appellants' brief, for the reason that appellants have not complied with any of the rules for briefing causes in this court. Counsel for appellee are correct in this contention, and, but for the fact that there is fundamental error in the judgment apparent on the face of the record, by reason of the fact that the trial court sustained a general demurrer to the answer interposed by the guarantor defendants, we would sustain appellee's contention by declining to consider the brief. Since, however, the court sustained a general demurrer to the answer filed by appellants, and since it is clear to this court that the answer was not subject to general demurrer, but, on the contrary, set up a good defense by said guarantor defendants to plaintiff's cause of action, such action on the part of the trial court constituted fundamental error, which this court may notice in the absence of any brief at all.

[2] If it be true, as alleged in the answer of appellants, as above shown, that the goods, wares, and merchandise making up the open account against J. L. Dickerson were sold to him by the plaintiff under a written contract as pleaded by T. J. Dickerson and B. E. Marshburn, the plaintiff could not compel payment by J. L. Dickerson for such goods, wares, and merchandise, for the reason that the contract under which they were sold and delivered to him by the plaintiff was clearly violative of the statutory laws of this state, as contained in articles 7796 and 7798, Revised Statutes, commonly known as the anti-trust statutes of Texas. There is no doubt on our part of the correctness of this conclusion, and every appellate court in this state that has had occasion to pass upon contracts like that specified in the answer of the guarantor defendants in this case has held the same to be absolutely null and void as being in the face of our anti-trust statutes. Some of these cases follow: Texas Brewing Co. v. Templeman, 90 Tex. 277, 38 S. W. 27, which opinion was by the Supreme Court of this state; Armstrong v. W. T. Rawleigh Medical Co. (Tex. Civ. App.) 178 S. W. 582; Newby v. W. T. Rawleigh Medical Co. (Tex. Civ. App.) 194 S. W. 1173; W. T. Rawleigh Medical Co. v. Gunn (Tex. Civ. App.) 186 S. W. 386; J. R. Watkins Medical Co. v. Johnson (Tex. Civ. App.) 162 S. W. 394. In addition to these authorities, all relevant to the point, there are numerous others which it would serve no useful purpose to here cite.

[3, 4] The fact that J. L. Dickerson did not himself interpose the invalidity of the contract under which appellants allege the goods, wares, and merchandise were sold to him by

the plaintiff cannot alter the rule, nor prevent the appellants, who were guarantors, from interposing the invalidity of the void contract under which the goods, wares, and merchandise were sold, if, in fact, there was such a contract. As to whether there was such a contract as pleaded by the appellants in this case was a question of fact, and appellants had the right to be heard on that issue.

[5, 6] We have not failed to note the contention made by counsel for appellee that the answer filed by appellants in this case was not verified, and that therefore the court properly sustained the special exception interposed by appellee on that ground. As to this it will suffice to say that the matters pleaded by appellants in this case in bar of plaintiff's suit as against them required no verification; the answer was not in the nature of a plea of failure of consideration, as is suggested by counsel for appellee. In the next place, there was in fact no special exception attacking the answer for lack of verification. That which is called special exception by appellees in this case was nothing more than a general demurrer. It in no manner pointed out to the court a lack of verification of appellants' answer. Therefore, if the plea interposed by appellants in this case had been such as to require verification, still it would have been good, and appellants would have been entitled to introduce evidence in support of the plea in the absence of a special exception attacking it on the ground that it was not verified. Webb v. Texas Christian University, 48 Tex. Civ. App. 264, 107 S. W. 89; State v. Quillen (Tex. Civ. App.) 115 S. W. 661.

Because of the court's erroneous action in sustaining a general demurrer to the answer of appellants, the judgment in favor of appellee against appellants is reversed, and the cause as between them is remanded; the judgment in favor of appellee against J. L. Dickerson is affirmed.