## NATIONAL HARDWARE & STOVE CO. v. WALTERS et al.

### No. 11115.

Court of Civil Appeals of Texas. Dallas.
Feb. 25, 1933.

Rehearing Denied March 25, 1933.

Dohoney, Beauchamp & Lawrence, of Paris, and Tom L. Beauchamp, of Tyler, for appellant.

Hamp P. Abney, of Sherman, for appellees.

JONES, Chief Justice.

In a suit in the district court of Grayson county, Tex., appellant, National Hardware & Stove Company, a corporation, with its domicile in Lamar county, sought to set aside a default judgment theretofore rendered against it by such court in favor of John Marshall, in the sum of $999.31, to enjoin him from in any way enforcing the judgment and to enjoin W. A. Walters, sheriff of Lamar county, from levying the execution, sued out, or attempting to collect the judgment. From an adverse judgment, appellant has duly perfected its appeal. The term appellee will refer to John Marshall, the judgment creditor. The following are the necessary facts:

The judgment sought to be enjoined was rendered December 10, 1930, upon appellant's default and upon proof of appellee's claim. The petition upon which such judgment was rendered alleged that "appellant is a corporation duly incorporated, having its principal office and place of business in the City of Paris, Lamar County, Texas, and having an agent in Grayson County, Texas, whose name is J. H. Cothran, on whom service of citation

may be had." The judgment recited that appellant was duly served with citation.

Citation was duly issued on this petition, and the following return shows the service had: "Came to hand on the 5th day of November 1930 at 4 o'clock P. M., and executed on the 5th day of November 1930 by delivering to the National Hardware & Stove Company, a corporation, by serving agent J. H. Cothran, who resides in Grayson County. J. H. Cothran, the within defendant, in person a true copy of this citation." The copy of the citation thus delivered to Cothran was by him timely delivered to E. C. Fox, appellant's president and manager. Fox was of the opinion that the service was not sufficient to require appellant to answer, because the citation was not served on one of its officers, and paid no further attention to the matter, until approximately four months thereafter, when he was presented by Walters, sheriff of Lamar county, with an execution duly issued on the judgment, when the instant suit was instituted. This suit was tried on its merits before the court, without a jury, with the result above stated.

Appellant's petition was duly verified and set up the facts relied upon to show that judgment was rendered without legal service. It denied that Cothran was its local agent in Grayson county, and denied that it was doing business in Grayson county. The petition also contained allegations, showing on its face a valid defense to the suit, in which judgment had been rendered against it, and sought a trial of the issues made by appellee's petition in the former suit and the defenses to such suit made by its petition in the instant suit. Appellees, in their answer, alleged facts designed to show that Cothran was appellant's local agent at the time of service, and that the default judgment was supported by proper service upon appellant. Such answer also contained allegations, which controverted appellant's claim of a valid defense to the former suit, and contained further allegations tending to support the judgment rendered in such suit.

Appellant's theory of the instant suit is, that it constitutes a direct attack upon the judgment rendered December 10, 1930. The court below apparently tried the suit upon this theory and we shall so treat it. The issues tendered by appellant in its pleading are: (1) That judgment was improperly rendered against appellant in favor of appellee in the former suit, for the reason that there was no legal service of citation; and (2) that appellant had no valid claim against it for any sum, and especially for the sum rendered.

Evidence on both of these issues was heard by the court, and appellant was denied relief on either issue. There were no findings of fact and conclusion of law filed by the trial court, but we are of the opinion that the evidence in the record would warrant the trial

court in rendering the judgment on either or both of these issues.

Article 2029, R. S., provides three ways by which a corporation may be served with citation: (1) Upon the president, secretary, or treasurer of the company; (2) upon a local agent representing the company in the county where suit is brought; and (3) by leaving a copy of the citation at the principal office of the company during business hours. Webb v. Texas Christian University, 48 Tex. Civ. App. 264, 107 S. W. 86, 87; Household Furn. Co. v. Alvarado (Tex. Civ. App.) 246 S. W. 1111. The term "local agent," as used in this statute, means a person who represents a corporation, in the promotion of the business for which it was incorporated, in the county in which the suit is filed. Avery Co. of Texas v. Wakefield (Tex. Civ. App.) 225 S. W. 875. Do the facts show that Cothran was appellant's local agent in Grayson county at the time of the service of the citation?

The Marshall Hardware Company, a corporation, with its domicile in the town of Whitesboro, Grayson county, in 1928 and until in June, 1930, was indebted to appellant in a large sum of money. On February 1, 1929, appellant's president, E. C. Fox, took control of the business of this corporation in Whitesboro and placed J. H. Cothran in charge thereof. The inference is clear that this was done for appellant's benefit. Cothran managed and controlled this business under the direction of Fox until on June 26, 1930, when appellant took over the entire business, together with all of its assets, and assumed payment of all the debts of the Marshall Hardware Company. The principal part of the merchandise stock of this business was moved from Whitesboro and placed in appellant's business at Paris. Cothran was placed in charge of the Whitesboro business for the purpose of winding it up. He was to sell the merchandise that had not been removed to Paris, and to collect all notes and other indebtedness owing to the business. When Cothran was served with citation, he was residing in Grayson county and was engaged actively in winding up for appellant the business of the Marshall Hardware Company. Through Cothran, as its agent, appellant was then doing business in Grayson county, and the conclusion is inevitable that he was its local agent, within the meaning of that term as used in article 2029, supra, and service could be had upon appellant by serving such local agent with a copy of the citation. It is true that the return of the officer does not describe Cothran as a local agent, but does describe him as an agent residing in Grayson county. We think such return is in substantial compliance with the statute. Houston & T. C. R. R. Co. v. Burke, 55 Tex. 328, 40 Am. Rep. 808; United Mutual Fire Ins. Co. v. Talley (Tex. Civ. App.) 211 S. W. 653; Delaware Ins. Co. v. Hutto (Tex. Civ.

App.) 159 S. W. 73, 74. We therefore hold that appellant was duly served with citation, as recited in the judgment of December 10, 1930, and, as appellant, through its president, timely received a copy of this citation, it cannot complain that judgment by default was taken against it.

■ However, under the second issue made by appellant's pleading, to the effect, that it had a valid defense, the evidence clearly sustains the finding of the court that no valid defense existed to appellee's claim. The undisputed evidence on this issue shows that, in 1928, the Marshall Hardware Company was indebted to the International Harvester Company in the sum of $2,400, and that such latter company held as collateral security for this debt notes given by customers to the former company in the aggregate amount of $6,300; that appellee, owning no interest in the Marshall Hardware Company, and appellant agreed to take up this indebtedness at a discount offered by the International Harvester Company, by each one advancing $1,000, and have delivered to them as collateral security the notes above mentioned. The undisputed evidence shows that a very small amount of this indebtedness, that was owed primarily by the Marshall Hardware Company, was paid to John Marshall. The notes passed into the hands of appellant, as well as the entire assets of the Marshall Hardware Company, of a value much more than the indebtedness due on the money advanced to the International Harvester Company; that the sum of $1,457.24 in money had been collected by appellant, as proceeds of these notes, and goods, which secured some of them, to the value of $375 had been repossessed by appellant, and both money and goods applied to its own use, before Marshall instituted his suit against appellant to recover the amount he had thus advanced. The evidence as to the amount of indebtedness due appellee at the time judgment was rendered in his favor on December 10, 1930, is in dispute, but appellee's testimony is direct and positive that, after allowing all credits due appellant, it was indebted to him in the amount of the judgment rendered. This would sustain the finding of the court that appellant did not have a valid defense of appellee's suit.

It thus appears from this record that the court not only heard evidence on the issue of proper service on appellant, on the former suit filed by appellee, but also retried the issues between appellant and appellee as to the latter's right to recover the judgment rendered, and denied appellant any relief whatever. As we have seen, the facts in this record support the court's judgment in the instant case, and it necessarily follows that, in the opinion of this court, the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.

## On Motion for Rehearing.

In its motion for a rehearing, appellant alleges that the finding of this court, that Cothran was its local agent in Grayson county, is not supported by evidence, and contends that the undisputed evidence shows that Cothran's sole business as an employee was restricted to collecting indebtedness due the Marshall Hardware Company, whose assets appellant had taken over.

The purchase of the assets of the Marshall Hardware Company was made on June 26, 1930. The undisputed evidence is that Cothran was placed in charge of these purchased assets; that he shipped a majority of the stock, under appellant's direction, to his place of business in the city of Paris; that there was considerable merchandise unshipped and remaining in Whitesboro, together with a great many notes and other indebtedness, all of which were turned over to Cothran as agent for appellant; that he was to sell the unshipped merchandise, and the notes and accounts he was to try to collect; that he disposed of all the merchandise to dealers in Whitesboro during the time from June 26, 1930, until "up in the fall." This is shown by the evidence of Cothran on cross-examination, and, as to the fact of the selling of the merchandise, by the evidence of Fox on cross-examination, and by the evidence of Will Marshall on direct examination. We held that this evidence showed appellant was doing business in Grayson county from June 26, 1930, through Cothran as agent, when citation was served.

Appellant also contends that the finding, that $1,457.20 was collected on the $6,347.75, the aggregate amount of the security notes securing appellant and John Marshall in the payment of the $2,000 advanced, has no evidence to sustain it. A small typographical error appears in this amount; i. e., the record shows the amount to be $1,457.24, and the original opinion will be corrected accordingly. C. L. Marshall testified that he audited, in May, the payments made on these security notes, and that the aggregate amount paid was the sum of $1,457.24. There was introduced in evidence the entire list of the security notes, with the credits marked thereon, and these credits amount to $1,457.24.

In paragraph 4 of appellant's motion for a rehearing, complaint is made that the original opinion held that, because the president, E. C. Fox, knew of the suit and received a copy of the citation, appellant was estopped to complain of the judgment by default against it. The motion then concludes that "such holding is tantamount to a holding that, if a party defendant receives a citation, he is thereby brought into court, regardless of the person on whom it was served, or the manner in which he received it." No such conclusion is warranted by anything said in the original opinion. The paragraph of the

opinion to which appellant alludes reads: "We therefore hold that, appellant was duly served with citation, as recited in the judgment of December 10, 1930, and as appellant, through its president, timely received a copy of this citation, it cannot complain that judgment by default was taken against it." In other words, this court held that appellant was legally served with citation and that there existed no legal excuse for not obeying the summons.

We have again carefully examined the record and find no reason for changing our views, as expressed in the original opinion. The motion for rehearing is overruled.

Overruled.