

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~ATTORNEY GENERAL~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable G. A. Walters
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. 0-2165
Re: Construction of
Anti-Trust Laws.

We have your letter of April 2, 1940, wherein you request our opinion on the application of the Anti-Trust Laws to certain practices of the San Saba Light & Ice Company, set out in your letter.

The so-called Anti-Trust Laws of Texas comprise both the criminal and the civil statutes on the subject. The criminal statutes are contained in ch. 3, Title 19 of the Penal Code of Texas; whereas, the civil statutes are contained in title 126, articles 7426 to 7447, inc., Revised Civil Statutes, 1925. The constitutionality of the civil statutes have been established beyond question by the Texas Supreme Court in the case of Standard Oil Co. v. State, 107 S. W. (2d) 550. The constitutionality of the criminal statutes was affirmed by the Texas Court of Criminal Appeals in the case of Ex Parte Tigner, 132 S. W. (2d) 885. This case was affirmed May 6, 1940 by the United States Supreme Court. We delayed in answering your question until we received the decision of the United States Supreme Court in the Tigner case.

Unquestionably, agreements between a wholesaler and a retailer fixing the resale price of commodities constitute a violation of the Texas Anti-Trust Laws. Hubb-Diggs Co. v. Mitchell, 231 S. W. 427; Dickerson, et al v. McConnon & Co., 248 S. W. 1084. As said by Judge Brady in Hugg-Diggs Co. v. Mitchell,

"It was alleged that the market value of the tractors at the residence of appellee was at all times $930.00 each and it was expressly averred that 'the said defendant then and there and at the time of said sale agreed with plaintiff that the same should be sold at the sum of

$930.00'.  The plain effect of this aver-
ment is that the parties had agreed to
fix and maintain the price for the sale
of a commodity or article of commerce."

Whereas, a manufacturer or wholesaler may not fix
the resale price of a product when he sells the same to a
dealer, it must be remembered that this rule does not apply
to agency contracts.  The principle may specify the price
at which his agent shall sell goods, and may designate the
territory within which the agent shall operate.  As stated
by the Austin Court of Civil Appeals in Lafon, et al v.
Falls Rubber Co., 242 S. W. 346 (reversed by Comm. of Apps.
on other grounds, 256 S. W. 577):

"But the appellee (Falls Rubber Company)
as the owner of the goods had the right to
determine to whom it would sell the same and
at what price, and had the same right when
selling through its agent as if it had been
making such sales itself.  Such restriction
upon its agent would not violate our statutes
forbidding contracts in restriction of trade."

Exclusive sales contracts to dealers are likewise
in violation of the Texas Anti-Trust Statutes.  Henderson
Tire & Rubber Co., v. Roberts, Tex. Comm. of Apps. 1929, 12
S. W. (2d) 154; Wood v. Texas Ice & Cold Storage Co., 171 S.
W. 497; Rogers v. Westinghouse Elec. Supply Co., 116 S. W.
(2d) 1886; J. R. Watkins Medical Co. v. Johnson, et al, 162
S. W. 394.

As stated by Rasbury, J. in Wood v. Texas Ice &
Cold Storage Co., supra:

"By the statute it is unlawful for two
persons to agree that one of them will buy
from the other exclusively of a given com-
modity as it is in like manner unlawful for
one of them to agree to sell exclusively to
the other a given commodity.  It is unlawful
to do either or both and it is not necessary
to do both in order to constitute the offense
and the reason therefor is the statute itself.
Star Flour Mill & Elev. Co. v. Ft. Worth Grain
& Elev. Co., 146 S. W. 604."

We wish to point out, however, that the mere fact that a manufacturer sells to only one customer in a given territory is not per se a violation of the Anti-Trust Statute in the absence of an agreement to sell exclusively to that one customer. As stated by the Texas Commission of Appeals in Griffin v. Palatine Ins. Co., 231 S. W. 202 at p. 205:

"A man may lawfully refuse to have business relations with another for any reason - on account of whim, caprice, prejudice or ill will."

The fact that the San Saba Light & Ice Company sells at wholesale to only two customers does not per se constitute a violation of the Anti-Trust Law in the absence of an agreement to sell to no one else.

Your question of necessity resolves itself to a question of fact to be determined by the court or jury in the event of a suit involving the application of the Texas Anti-Trust Laws to the situation outlined in your letter. We cannot, therefore, give a categorical answer to your question but have sought to set out above some of the authorities applicable to the situation.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  /s/ Walter R. Koch
Walter R. Koch
Assistant

WRK:RS:mjs

APPROVED MAY 17, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY /s/ RWF CHAIRMAN