Lipscomb, J.
The question presented in this ease is, can a justice of the peace go out of his own precinct and try and decide a civil suit?
The justices of the peace are elected fora particular precinct by the qualified voters of such precinct, (sec arts. 201, 202, 225, Hart. Dig.,) and it would seem to follow, as a matter of course, in the absence of any express authority of law to the contrary, that their jurisdiction is restricted and confined to the particular precinct for which and in which they had been effected by the qualified voters thereof. They can no more go out of their own precinct and try a civil suit than they could go out of their county and perform such judicial functions. And the question of jurisdiction is uot to bo waived, nor can it be given where it does not exist, even by consent of the parties. (Wynns & Lawrence v. Underwood, 1 Tex. R., 48.) In general a party is protected from a suit only in the precinct of his residence. ' To this there are some exceptions, snob as if there he no justice of the peace in the precinct of the defendant’s residence, or if it he within an incorporated (own or city. In the first exception he can he sued before the justice of the next adjoining precinct, and in the latter he can be sued .before any justice of (.he peace, within the corporation. In neither of these exceptions is it believed that the justice could go out of his own precinct to hold his court. lie, can bring the parties before him, hut he cannot go out of his prcciuct to try the ease. '
The record shows that the supposed judgment in this case was rendered and signed by Justice Mason out of his own precinct and in the precinct of Justice Davis, and the judgment was entered on the docket of the said Justice Davis not as Ins judgment but as the judgment of Mason. There was some evidence that the parties had verbally consented to the substitution of Mason in *273 the place oí Davis; but tins consent, we have said, could not give jurisdiction to the substituted justice auy more tliau if lie was not in commission at all. .■{See the case above cited.)
Note 90. — Horan v. wahrenberger, ante, 313.
The appellant filed his petition, and prayed an injunction against an execution issued upon this void judgment. The injunction was granted by the district judge, but on a hearing of the case the court dissolved the injunction and di.-missed the petition. In the petition the circumstances under which the pretended judgment was obtained are fully stated, and he alleges that he is threatened with an execution upon this void judgment against his property. Perhaps this was the only appropriate and ample remedy that he could liave resorted to. "We believe that the injunction ought to have been, perpetuated, and the appellant relieved from the expense and trouble of further defense against the judgment, on the ground that it was a void judgment, for want of jurisdiction in the justice rendering it.
Tlie.judgment of the District Court is therefore reversed; and this court will render such judgment as the District Court ought to have given, perpetuating the injunction. '
Reversed and reformed.