NELSON CLEMENTS v. THE CITY OF SAN ANTONIO.

1. A justice of the peace has no authority to establish his office and exercise his functions in a different precinct than that for which he was elected ; and if he should attempt to do so, his acts would be void. Foster v. McAdams, 9 Texas, 542, cited by the court.

2. The case of Sheldon v. The City of San Antonio, 25 Texas Sup., 177. referred to, and the rulings therein on the subject of *certiorari* approved.

3. A new trial would not be granted in any case wherein the original proceedings were void for want of jurisdiction in the court before which they were had.

ERROR from Bexar. Tried below before the Hon. T. H. Stribling.

This was a case of *certiorari*, brought by the city of San Antonio against Clements, who, in 1859, had recovered a judgment in a justice's court against the city, upon interest coupons amounting to some seventy dollars, detached from a bond for $1000, being part of $50,000 subscribed by the city to the stock of the San Antonio and Mexican Gulf Railroad Company, under the act of September 5, 1850. By the transcript sent up from the justice's court, it was disclosed that a plea to the jurisdiction of the justice had been interposed by the city, on the ground that the justice had been elected for precinct number three, but held his office and tried the cause within the limits of precinct number two.

On the trial in the district court, the plaintiff moved that the

plea to the jurisdiction be stricken out, but the motion was over-ruled. A jury being waived, the court found for the defendant on the issue presented by the plea, and thereupon dismissed the cause.

*S. G. Newton*, for plaintiff in error.

*Davis & Murphy*, for the defendant in error.

WALKER, J.—The justice of the peace elected for one precinct has no right or authority to establish his office and exercise his official functions within the limits of another precinct; and if he should attempt to do so, his acts would be void. (See Foster v. McAdams, 9 Texas, 542.) The case of Sheldon v. the city of San Antonio, 25 Sup. Tex. R, 177, is an authority which appears to have some bearing upon this case. " A *certiorari* is not awarded for the correction of the merely erroneous rulings of the justice, but it is to enable the party to have the very right and justice of the case determined." " The district court does not sit as a court of errors, but for a new trial upon the merits."

We do not think a new trial would be granted in any case where the original proceedings were void, for want of jurisdiction in the court before whom they were had. We find no error in the judgment of the district court; the same is therefore affirmed.

Affirmed.