### J. W. NIXON v. J. B. PADGETT ET AL.

#### Decided June 8, 1900.

**Appeal from Justice to County Court—New Cause of Action.**

Plaintiff sued in Justice Court upon a note secured by chattel mortgage, and, after citation served, set up another note for an additional amount secured by the same mortgage, and had judgment by default upon both notes. Defendants carried the case to the County Court, where plaintiff's evidence as to the second note was excluded, because no citation was issued as to it in the Justice Court. Held, that even if the amendment in the Justice Court was such as to require another citation there, which is not decided, yet, the trial being de novo in the County Court, it should have tried the whole case as made by the record, the new cause of action, if any, having been already set up in the Justice Court within the meaning of the statute. Rev. Stats., art 358.

APPEAL from the County Court of Leon. Tried below before Hon. H. B. PRUIT.

*Wm. Watson,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—On the 29th day of April, 1898, appellant brought suit in the Justice Court of precinct No. 7 of Leon County to recover against appellees upon a note for $100.70 executed by appellees on December 21, 1894, and payable to appellant on June 10, 1895, and to foreclose a mortgage on twenty-one head of stock horses, executed to secure the payment of said note. Appellees answered at the July term, 1898, of said Justice Court, this being the first term after service of citation was perfected, by plea of privilege and plea to the jurisdiction of the court, and also pleaded partial payment of said note. The cause was continued by agreement at this term, and at each succeeding term thereafter until the June term, 1899. On the first day of the June term, 1899, appellant filed an amended petition alleging that appellees had, on the day of the execution of said note for $100.70, due June 10, 1895, executed and delivered to appellant a second note for the same amount, due October 15, 1895, both of said notes being secured

by the mortgage before mentioned, and that said notes were lost or mislaid and could not be found, and appellant prayed for judgment for the amount due upon both of said notes, and for foreclosure of said mortgage. On the same day the cause was called for trial, and appellees failing to appear, judgment was rendered in favor of appellant for the amount due upon both notes, less the payments pleaded in appellees' answer filed on July 7, 1898, and for foreclosure of said mortgage.

Appellees sued out writ of certiorari, and upon a trial of the cause in the County Court judgment was rendered in favor of appellant only for the balance found to be due upon the first note, and all costs of the Justice Court, the cost of the County Court being adjudged in favor of appellees.

By proper assignments the appellant attacks the ruling of the trial court in refusing to allow the appellant to prove the execution and loss of the second of the two notes sued upon, of date December 21, 1894, and due October 15, 1895, and in holding that said note could not be considered in this case because no citation was issued on the amended petition in which said note was set up as a part of appellant's cause of action, and the judgment rendered against appellees in the Justice Court on said note was a nullity, because no notice of said amendment was served upon appellees.

It is unnecessary to decide whether or not the amended petition in this case set up such new or additional cause of action as to require citation thereon, because if such notice was required and the judgment in the Justice Court be considered void for want of notice, when the case was carried to the County Court by certiorari, the trial in said court being de novo, that court should have tried the whole case as made by the record in the Justice Court. Perry v. Rhode, 20 Texas, 730; Sheldon v. San Antonio, 25 Texas Supp., 178. If the second note declared on in the amended petition is a new cause of action, it was set up in the Justice Court, and article 358 Revised Statutes, which provides that on certiorari from the justice to the county court no new cause of action can be set up in the county court, does not apply.

The judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*