## John M. Gould v. Thomas F. Sanders

Decided April 20, 1910.

**1.—Certiorari—Requisites of Petition.**

A petition for certiorari to the Justice Court must state all the evidence introduced on the trial, or show that a material and vital error occurred in the proceedings, or that the applicant has not been able to avail himself of a legitimate prosecution or defense through no fault of his own, and one or all of these causes must be set forth, not by general allegations, but with sufficient detail to show a prima facie case entitling the applicant to another hearing.

**2.—Same—Insufficient Petition.**

A suit in a Justice Court was based upon a judgment rendered in a Justice Court of another State, and judgment was rendered against the defendant, who sought to remove the case by certiorari to the County Court; there was no allegation in the application for certiorari that defendant did not justly owe the debt sued on evidenced by the foreign judgment; nor that there was no such court as the court which rendered the judgment; nor that said court did not have jurisdiction of defendant's person and of the subject-matter; nor that the applicant made any objection to the judgment of the foreign court when it was offered in evidence in the Justice Court. Held, the County Court should have sustained a motion to dismiss the application for want of sufficient cause appearing · therein, and have awarded a procedendo.

Appeal from the County Court of Matagorda County. Tried below before Hon. W. S. Holman.

*W. C. Carpenter,* for appellant.—The affidavit for certiorari must state facts showing that the justice of the peace who rendered the judgment did not have jurisdiction over the person of the defendant or subject matter of the suit, or that injustice had been done him by the judgment and that such injustice was not due to his own inexcusable neglect. Von Koehring v. Schneider, 24 Texas Civ. App., 469; Nelson v. Hart, 23 S. W., 832; Miner v. Goser, 1 W. & W., par. 73; Hail v. Magee, 1 W. & W., 853; Quinn v. Elam, 1 W. & W., 1108; Burton v. Hale, 1 W. & W., 1251; Wilson v. Guffin, 1 W. & W., 1313; Houston & T. C. Ry. Co. v. Simon, 2 W. & W., par. 99; Galveston, H. & S. A. Ry. Co. v. Jackson, 2 W. & W., par. 174; Gulf, C. & S. F. Ry. Co. v. Odom, 4 W. & W., par. 106; Rev. Stats., art. 358; White Dental Co. v. Hertzberg, 92 Texas, 528; Gholston v. Ramey, 30 S. W., 713.

The judgment admitted in evidence being authenticated as prescribed by the Act of Congress was admissible in evidence without further proof of the jurisdiction of the court, and it devolved upon defendant to allege and prove that the court which rendered it did not have jurisdiction to do so. Mayes v. Magill, 48 Texas Civ. App., 548; Texas & N. O. Ry. Co. v. Clippenger, 47 Texas Civ. App., 510; Mexican Cent. Ry. Co. v. Mitten, 13 Texas Civ. App., 653.

*Gaines & Corbett,* for appellee.

NEILL, Associate Justice.—This suit was brought in the Justice Court by the appellant upon a judgment alleged to have been ren-

dered by a justice of the peace in the State of Michigan in favor
of the former against the latter for the sum of $175 and the further
sum of $1.75 costs. Upon the trial in the Justice Court judgment
was rendered in favor of the plaintiff, from which judgment the
defendant, Sanders, sued out a writ of certiorari and brought up the
record of the proceedings and the original papers in the case to the
County Court within the time required by law.

In his petition for the writ of certiorari the defendant, Sanders,
alleged that the suit was brought against him upon a judgment
for $175 and $1.75 costs purporting to have been rendered by the
Justice Court in Wayne County, Michigan, which was not a court of
record; and that upon the trial of this case the justice of the peace
who rendered the judgment against him on the alleged foreign judg-
ment, admitted said judgment in evidence without proof of its ren-
dition or of the existence of the court by which it is purported to
have been rendered; that the judgment was not proved, but was
attempted to be shown by a certified copy of the record thereof; that
the affidavit upon which the certificates were made to prove up the
judgment were not under seal; and that the certified copies offered
to prove the existence of the judgment were from a court other than
the court in which it is claimed the judgment sued on was rendered;
that there was no evidence produced on the trial showing the juris-
diction of the Justice Court of the State of Michigan over the sub-
ject matter, and no evidence to show jurisdiction of said court over
the person of the defendant. That there was no other evidence intro-
duced upon the trial than that referred to; and that upon such evi-
dence the judgment from which the writ of certiorari is asked, was
rendered against defendant, which he alleged was erroneous, unjust
and contrary to equity and fair dealing.

The plaintiff made a motion to dismiss the writ of certiorari,
which was overruled. The ruling is assigned as error. The ruling
involves the question, whether the allegations recited were sufficient
to authorize the issuance of the writ.

Upon a motion to quash the petition for certiorari and dismiss
the cause, the allegations in the petition must be taken as true for
the purposes of the motion. Von Koehring v. Schneider, 24 Texas
Civ. App., 469.

It is not necessary in every case to set out the entire testimony
on the trial in the Justice Court in order to obtain a writ of cer-
tiorari. But the petition must either state all the evidence, or show
that a material and vital error occurred in the proceedings, or that
the applicant has not been able to avail himself of a legitimate prose-
cution or defense by no fault or neglect of his own. One or all of
these causes must be set forth, not by a general allegation of the
wrong, but with sufficient detail to show a *prima facie* case entitling
the petitioner to another hearing. Nelson v. Hart, 23 S. W., 832;
Von Koehring v. Schneider, *supra.*

There were no allegations in the application that the defendant
did not owe and was not justly due the plaintiff the debt sued on,
which purports to be evidenced by said foreign judgment; nor that
there was no such court as the one by which it purports to have

been rendered; nor that such court did not have jurisdiction of the defendant's person and of the subject matter. Neither is there any allegation that when the evidence set out in the application was offered on the trial in the Justice Court, its introduction was objected to by the defendant. The judgment in that court recites that he appeared at the trial, which is not gainsaid by any allegation in his petition for the certiorari. It was then he should have objected to the introduction of the evidence if he deemed it inadmissible. If no objection was made to its introduction, it can not be said that its admission was erroneous and that it does not support the judgment. One is not entitled to a writ of certiorari to carry a case from a Justice Court to the County Court because the judgment of the justice was rendered on evidence which if objected to might have been excluded, when no objection was made on the trial by the party applying for the writ.

The County Court should have dismissed the certiorari on plaintiff's motion, for want of sufficient cause appearing in defendant's affidavit therefor, and have directed the justice of the peace to proceed with the execution of the judgment rendered by him.

Wherefore the judgment of the County Court is reversed, with instructions to enter an order dismissing the certiorari and to direct the justice of the peace to proceed with the execution of his judgment.

*Reversed with instructions.*