## BECK v. ARKANSAS MOTOR CO.
### (No. 1531.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 18, 1915.)

1. JUSTICES OF THE PEACE ⟨⟩⟸206—CERTIORARI—MOTION TO DISMISS—TIME—STATUTES.

Rev. St. art. 754, provides that a motion to dismiss a writ of certiorari for want of a sufficient bond shall be made at the first term of the court to which the writ is returnable; article 2399 provides that, whenever a writ of certiorari to remove the cause to the county court is served on a justice, he shall immediately make out a certified copy of the entries on his docket, etc., and transmit it, with the original papers, to the clerk of the county court; and article 2397 requires that such transcript shall, if practicable, be transmitted on or before the first day of the next term of the county court. A writ of certiorari was served on a justice October 15th, three days before the convening of the next October term, one of such days being Sunday, and the transcript was filed on October 20th. Held, that the writ was returnable at the following January term, so that the motion to dismiss the writ was properly made at that term.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 800–806; Dec. Dig. ⟨⟩⟸206.]

2. JUSTICES OF THE PEACE ⟨⟩⟸206—CERTIORARI—MOTION TO DISMISS.

Where a motion to dismiss a writ of certiorari was contested, it would not be assumed that the county court's failure to pass on it at the term to which it was returnable was due to the appellant's failure to call it up for action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 800–806; Dec. Dig. ⟨⟩⟸206.]

Error from Bowie County Court; Lee Tidwell, Judge.

Action by the Arkansas Motor Company against Dr. E. L. Beck. Judgment for plaintiff was rendered in the justice court, and defendant procured a writ of certiorari, from the dismissal of which, on motion, he brings error. Affirmed.

Turner, Graham & Smitha, of Texarkana, for plaintiff in error. Joe Hughes, of Texarkana, for defendant in error.

HODGES, J. On July 30, 1914, the defendant in error recovered a judgment in the justice court of precinct No. 1 of Bowie county against the plaintiff in error for sum of $147.55. In October following the plaintiff in error applied for and procured a writ of certiorari, which was served upon the justice of the peace on October 15th. The amount of the bond was fixed by the county judge at $300, but the bond actually filed by the plaintiff in error was the sum of $147.55, the amount of the judgment. The next term of the county court convened on the 18th of October. The transcript was filed in that court by the justice of the peace on the 20th of October, the third day of the term. The record does not advise us when the citation was served upon the defendant in error. The next succeeding term of the county court convened on the 25th of January, 1915. On that day the defendant in error made a motion to dismiss the writ of certiorari, because of the defect in the bond and other grounds not necessary to discuss. During the latter part of that term the plaintiff in error filed a motion to strike out the motion to dismiss because it came too late. For some reason not explained by the record the court took no action upon either motion at the January term, but at the April term the motion to dismiss the certiorari was sustained. This writ of error is prosecuted from that order, and it is insisted that the court erred in sustaining the motion to dismiss, because it was not filed and acted upon at the October term.

[1] Article 754 of the Revised Civil Statutes provides that motion to dismiss the writ of certiorari for want of sufficient cause appearing in the affidavit, or for want of a sufficient bond, shall be made at the first term of the court to which the certiorari is returnable. A failure to make the motion to dismiss at that term will be construed as a waiver of those defects. The question before us is: Was this writ returnable to the October term of the county court? The return term of a writ of certiorari is that term when all the parties are brought within the court's jurisdiction and it has the power to finally dispose of the case. In order to confer that judicial power it is essential, under our system of practice, that the transcript should be filed on or before the first day of the term and that legal notice be given to the adverse party. Article 2399, under the title regulating appeals from justice courts, provides that:

"Whenever a writ of certiorari to remove any cause from the justice's court to the county court shall be served on any justice of the peace, it shall be his duty immediately to make out a certified copy of the entries made on his docket, and of the bill of costs, as provided in case of appeals in article 2396, and transmit the same, together with the original papers in the cause, to the clerk of the county court in the manner and within the time prescribed in that and the succeeding article."

The succeeding article referred to is article 2397, which reads as follows:

"Such transcript and papers shall, if practicable, be transmitted to the clerk of the county court on or before the first day of the next term of such court; but, if there be not time to make out and transmit the same to the first term, they may be so transmitted on or before the first day of the second term of the court."

The record shows that only two days intervened between the service of the writ upon the justice of the peace and the convening of the county court, and one of those days was evidently Sunday. It would be ignoring the requirements of notice provided for by the statute in cases of this character to call the October term to which the transcript was returnable. The failure to file the transcript from the justice court on the first day of the term had the effect of making the certiorari returnable to the next succeeding

term, which convened on the 25th day of January, the time when the motion to dismiss was filed. If a justice of the peace can, by filing his transcript on the third day of a term, make that the return term, he could accomplish the same result by filing it at any subsequent day, even though it be the last day of the term.

[2] In view of the fact that this motion was contested, we cannot assume that the failure of the county court to pass upon it at the January term was due to the failure of the defendant in error to call it up and present it for action.

The judgment of the county court will be affirmed.