FRAZIER v. COOMBS. (No. 6675.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 18, 1922.)

1. Justices of the peace ⊜⇒205(1)—Order of county or district judge necessary to obtain certiorari to justice's court.

In order to obtain a certiorari to a justice's court to remove a cause from that court to a county or district court, an order must be obtained from the county or district judge commanding the justice of the peace to make a certified copy of the entries in the cause on his docket and transmit the same with the papers.

2. Justices of the peace ⊜⇒202(2)—Certiorari not granted in absence of affidavit setting forth cause.

Certiorari to a justice's court will not be granted unless the party applying for it, or some one for him, shall make affidavit in writing setting forth sufficient cause for its issuance.

3. Justices of the peace ⊜⇒197(2, 3)—Cause for which certiorari may be granted.

A sufficient cause for certiorari to a justice's court is stated when the justice of the peace is shown to have been without jurisdiction, or where injustice was done the applicant by the judgment, and such injustice was not caused by the inexcusable neglect of the applicant, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 742–746.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Justices of the peace ⬩⬩⬩206(1)—Grounds for dismissal of certiorari on motion.**

Certiorari to a justice's court may be dismissed on motion only for want of sufficient cause appearing in the affidavit or for want of sufficient bond under Vernon's Sayles' Ann. Civ. St. 1914, art. 754, but not for laches or negligence of an attorney.

**5. Justices of the peace ⬩⬩⬩202(2)—Application held to present good cause for certiorari to justice court.**

Application for certiorari to justice court showing that defendant applicant lived in one county and was sued in another county and had filed a plea of privilege which was overruled in his absence and judgment rendered against him, that justice court was in a village at a distance from a railroad, and that applicant employed an attorney who failed to make railroad connections and did not reach the court, that defendant had sold plaintiff a secondhand automobile, and plaintiff based her claim on charges that defendant had misrepresented the car, and that defendant expected to show that he made no misrepresentations as to the car, *held* to present a defense to the cause of action, and show that the defendant was not guilty of inexcusable neglect, and certiorari was properly granted, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 742–746.

Appeal from Dimmit County Court; Wm. H. Davis, Judge.

Action by Mrs. Ida Coombs against Berd T. Frazier. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Gordon Gibson, of Rockport, for appellant.
Vandervoort & Johnson, of Carrizo Springs, for appellee.

FLY, C. J. This suit originated in the justice's court, where a judgment was rendered against appellant, in his absence, for the sum of $200. Appellant obtained a writ of certiorari to the county court, where it was dismissed on motion of appellee, and from that order of dismissal this appeal has been prosecuted.

[1-4] In order to obtain a certiorari to a justice's court to remove a cause from that court to a county or district court, an order must be obtained from the county or district judge commanding the justice of the peace to make and certify a copy of the entries in the cause on his docket and transmit the same with the papers to the proper court. The writ will not be granted unless the party applying for it, or some one for him, shall make affidavit in writing setting forth sufficient cause for its issuance. A sufficient cause is stated when the justice of the peace is shown to have been without jurisdiction or where injustice was done the applicant by the judgment, and such injustice was not caused by the inexcusable neglect of the applicant. Vernon's Sayles' Civ. Stats. arts. 742 to 746, inclusive. In article 754 it is provided that a motion to dismiss the certiorari may be made at the first term of court to which it is returnable "for want of sufficient cause appearing in the affidavit, or for want of sufficient bond." Upon no other ground can a certiorari be dismissed. Webb v. University, 48 Tex. Civ. App. 264, 107 S. W. 86; Case Mach. Co. v. Lochridge, 195 S. W. 266. The laches or negligence of the attorney cannot be made the basis of an attack on the certiorari. Lucas v. Harrison, 139 S. W. 659.

The application for certiorari showed that appellant lived in Refugio county; that he was sued by appellee in the justice's court of precinct No. 3 in Dimmit county on an unliquidated demand for $200; that appellant filed a plea of privilege, and the case was set down for hearing on November 8, 1920, and in the absence of appellant the plea of privilege was overruled, and judgment rendered against appellant for $200; that appellant lives a long distance from a railroad, and the justice's court was held in a small village quite a distance from a railroad; that he employed an attorney to attend the court and represent him in the trial of the case, but the attorney failed to make railway connections and did not reach the court. The allegations show that appellant had sold appellee a secondhand automobile, and appellee based her claim on charges that appellant had by misrepresentation and fraud sold her a worthless car. Appellant expected to show that he had made no misrepresentations as to the car, but had in writing given her a truthful statement as to the age and condition of the car and had driven it from Bayside, in Refugio county, to Bermuda, in Dimmit county, and delivered it to appellee, and she was given every opportunity to examine the car, and that she did in fact personally examine the car and had it examined by experts, and the car was found by them to be as represented.

[5] The application presented a good defense to the cause of action, and the absence of appellant did not appear to have arisen from his inexcusable neglect. If his attorney was negligent, he will not be held responsible for it. On the face of the pleadings it appears to be a case of dissatisfaction with a purchase made with full possession of the facts, and a suit against the seller residing in a distant county, and a judgment in his absence for every dollar demanded in a case of unliquidated damages. The allegations present a case of rank injustice, and appellant should be permitted to present his defenses. Nelson v. Hart, 23 S. W. 831.

The judgment is reversed, and the cause remanded.

---

⬩⬩⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes