## CRENSHAW v. HOME LUMBER CO.
### (No. 1532.)

Court of Civil Appeals of Texas. Beaumont. May 19, 1927.

Rehearing Denied June 1, 1927.

**1. Certiorari ⬅60—Motion to dismiss certiorari filed at first term to which writ was returnable, not acted on until later held not waived through delay (Rev. St. 1925, art. 953).**

Where motion to dismiss certiorari was filed at first term of court to which it was returnable, pursuant to Rev. St. 1925, art. 953, it was not thereafter waived because it was not considered until later, in view of fact that delay was partly caused by vacation of court.

**2. Certiorari ⬅60—Clerical error in date of bond for certiorari held not to require dismissal.**

Where application for certiorari was made June 24, in view of fact that bond was filed July 3, and recited that certiorari had been obtained, date of bond as June 3 was evidently clerical error and not cause for dismissal of writ.

**3. Pleading ⬅292—That account grew out of single transaction held not to prevent its being open account, under statute relating to sworn denial of correctness thereof (Rev. St. 1925, art. 3736).**

Fact that account sued on grew out of single transaction, although it consisted of many items stated separately with price set against each, did not prevent it from being open account, under Rev. St. 1925, art. 3736, providing that such an account, when properly sworn to, shall be prima facie evidence of correctness of items stated therein unless party resisting same shall file written denial under oath.

**4. Pleading ⬅292—Failure to deny justness of any item in account under oath held equivalent to admitting it was correct (Rev. St. 1925, arts. 2010, pt. 11, 3736).**

In action on account where answer was not sworn to, as required by Rev. St. 1925,

---

arts. 2010, pt. 11, and 3736, and correctness or justness of any item was not denied under oath, there was admission that account was correct.

## 5. Certiorari ⊘⇒42(3)—Petition for certiorari alleging conclusions held insufficient to secure reinstatement after dismissal.

In absence of statement of facts, petition for certiorari alleging no facts by which court could determine defense or whether party had one, except on his mere assertions or conclusions, was insufficient, and refusal to reinstate case on docket after dismissal was not error.

Error from Jefferson County Court; C. N. Ellis, Judge.

Action by the Home Lumber Company against W. W. Crenshaw, begun in a justice court on an itemized, verified account. To review a judgment for plaintiff, defendant brought certiorari. Judgment dismissing the writ of certiorari, and defendant brings error. Affirmed.

A. L. Shaw, of Beaumont, for plaintiff in error.

W. T. McNeill, of Beaumont, for defendant in error.

O'QUINN, J. This is an appeal from a judgment of the county court at law of Jefferson county, Tex., dismissing plaintiff in error's appeal by certiorari from a judgment of the justice court, precinct No. 1, Jefferson county, Tex.

The Home Lumber Company sued Crenshaw in the justice court on an itemized, verified account, and on May 25, 1926, had judgment for $141.31. Crenshaw, on June 24, 1926, made application to the county court at law for certiorari, and, after alleging the judgment in the justice court and threats of execution and levy as grounds for the writ, further alleged:

"Your petitioner further represents that said Home Lumber Company, defendant herein, on the trial of said case, the plaintiff, in prosecuting said cause of action, the same being pleaded and set up as a cause of action or sworn account, against this plaintiff herein, and showing that same grew out of one (single) transaction, which in fact could not be the basis of a sworn account under the Revised Statutes of the state of Texas; that on the trial of said cause the witness testified that the material alleged to have been sold unto the plaintiff herein was in fact figured, sold, and delivered at the instance and request of one Gus Wagner, a contractor, and that the same was sold and delivered to said contractor on the plaintiff's property without a written order from the plaintiff, and by said testimony the said Home Lumber Company failed to show the reasonable value of said property, or any part thereof, they claimed to have delivered, and no other evidence whatever was offered or heard upon the trial aforesaid, and upon the above-stated evidence said justice rendered judgment in favor of the defendant and for costs of suit, which your petitioner charges to be erroneous, unjust, and contrary to law.

"Your petitioner now says that he is not liable to the defendant herein for any sum or sums of money or the value of said material upon which the said suit is based, and that the defendant, Home Lumber Company, has no legal or equitable defense thereto, and that the said judgment is void and contrary to law."

The application for the writ was granted by the court, conditioned on Crenshaw's executing a bond in the sum of $300. Bond for $300, dated June 3, 1926, and approved June 3, 1926, was filed July 3, 1926, and the writ was issued July 9, 1926, returnable to the county court at law at its next term to be begun on August 2, 1926. Transcript from the justice court was duly filed in the county court at law. On August 21, 1926, the Home Lumber Company filed motion to dismiss the writ. The motion was sustained and the certiorari dismissed September 10, 1926. On September 24, 1926, motion to reinstate the certiorari was overruled, and the correctness of this ruling is here challenged.

[1] Plaintiff in error says the motion to dismiss should not have been considered, because it had been waived, for in that the writ was returnable to the August term of the county court at law, and the motion to dismiss was filed in said term on August 21, 1926, but was not acted on until September 11, 1926, at which time the motion was sustained and the writ dismissed.

This contention cannot be sustained. The motion was filed at the first term of the court to which it was returnable. It is shown that the movant to dismiss was not negligent in calling the motion for action, but, to the contrary, as found by the court, it appeared that the court was in vacation from August 17, 1926, until September 1, 1926, and that during that time the defendant in error had made repeated efforts to get in touch with the court for the purpose of having said motion acted on. The statute (article 953, Revised Civil Statutes 1925) provides that at the first term of the court to which the certiorari is returnable, the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit or for want of sufficient bond. It has been generally held that it was mandatory that the motion to dismiss must be made at the first term of the court to which it is returnable, or it will come too late, but we have found no decision holding that it is mandatory that it should also be acted on at the first term. The motion having been filed at the first term of the court to which the writ was returnable, and it being clear that it was urged at the first opportunity available to the mover, it was not waived, and the court did not err in entertaining same. Beck v. Arkansas Motor Co. (Tex. Civ. App.) 180 S. W. 942.

The motion to dismiss the certiorari was upon the following grounds:

(1) That the affidavit to the application for certiorari was not signed by the affiant, as required by article 23, Revised Civil Statutes. The petition for the writ was signed "W. W. Crenshaw," and verified as follows:

"W. W. Crenshaw, being duly sworn, says that the matter set forth in the foregoing petition is true."

Article 944, Revised Civil Statutes, provides that the "writ shall not be granted unless the applicant or some person for him having knowledge of the facts, shall make affidavit setting forth sufficient cause to entitle him thereto." Revised Civil Statutes, article 23, pt. 18, defines an "affidavit" as a statement, in writing, of a fact or facts signed by the party making it, and sworn to, etc. Unless the petition be held to be an affidavit, including the signature to the petition, then there is no "affidavit setting forth the cause," as required by articles 944 and 945, Revised Civil Statutes, nor is same "signed" by the affiant, as required by article 23. The jurat does not recite that the affidavit was subscribed or sworn to by the affiant before the officer taking same. While we have grave doubts of the sufficiency of the matter urged, in view of our later holding we do not decide same.

[2] (2) That no proper bond had been executed and filed, as required by the order of the court. This contention is based upon the fact that the bond was dated June 3, 1926, and showed to have been approved on that date, while the application for the certiorari was not made until June 24, 1926, by reason of which the bond shows not to have been executed because of and in compliance with the court's order. We think this objection to the bond is not well taken. Evidently the date June 3, 1926, was a clerical error, for the bond was filed of date July 3, 1926, and recites that a writ of certiorari had been obtained to remove the cause to the county court. It must therefore have been executed after the application for the writ was granted and in obedience to the order of the court, and the June 3 date a clerical error. This would not invalidate the bond.

[3] (3) As to the sufficiency of the allegations as grounds for reinstatement set out in the application. Plaintiff in error's application for certiorari says that because the sworn account, the basis of the suit in the justice court against him, shows that it grew out of one single transaction, therefore it could not be such sworn account as is permitted under the law. The account consisted of many items stated separately, with the price set against each. The fact that they were had in one single transaction would not prevent it from being an open account, under article 3736, Revised Civil Statutes 1925. Rockdale Mercantile Co. v. Brown Shoe Co. (Tex. Civ. App.) 184 S. W. 281; Peterson v. Graham-Brown Shoe Co. (Tex. Civ. App.) 200 S. W. 899.

[4] Plaintiff in error's answer in the trial court consisted of several special exceptions to the account as to its not being itemized properly, and hence insufficient under the statute, and a denial that he purchased any material of any nature from defendant in error chargeable against him, as designated in said verified account, or that he authorized any one else to do so for him, and that he did not owe the sum sued for or any portion of same. This answer was not sworn to. Both articles 2010, pt. 11, and 3736, of the Revised Civil Statutes, require that the answer to such suit should be sworn to. The correctness nor the justness of any item in the account was not denied under oath, as required by law, and without so doing he can make no objections thereto. Green v. Hoppe (Tex. Civ. App.) 175 S. W. 1117; Oil Well Supply Co. v. Texarkana Production Co. (Tex. Civ. App.) 265 S. W. 203. This was equivalent to an admission that the account was correct. Bay Lumber Co. v. Artman & Buettmer (Tex. Civ. App.) 188 S. W. 279.

[5] There is no statement of facts—nothing to show that the matters set out in the application for the writ of certiorari were in evidence in the trial of the case in the justice court. Nor was there any pleading by plaintiff in error in his answer invoking the statute of frauds. The petition for certiorari does not undertake to state what the evidence was, or what facts were established on the trial of the case in the justice court. Nor does the petition show or even allege that injustice has been done, or that he has not been able to avail himself of a legitimate defense by no fault or neglect of his own. This should have been done. Oldham v. Sparks, 28 Tex. 425; Gould v. Sanders, 60 Tex. Civ. App. 410, 127 S. W. 899; McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864, 867; Railway Co. v. Odom (Tex. App.) 16 S. W. 541. The petition in this case alleged no facts by which the court could determine appellant's defense or whether he had one, except upon his mere assertions or conclusions. The petition was insufficient, and the court did not err in refusing to reinstate the case on the docket. Railway Co. v. Boyce (Tex. Civ. App.) 206 S. W. 112.

The judgment should be affirmed, and it is so ordered.