**BUCKINGHAM v. EITEL et al.** (No. 3499.)

Court of Civil Appeals of Texas. Texarkana. June 7, 1928.

Rehearing Denied June 14, 1928.

Campbell & Campbell, of Longview, for appellant.

E. M. Bramlette, of Longview, for appellees.

WILLSON, C. J. (after stating the facts as above). ▮▮ By the terms of the statute in force at the time appellee Fears applied for the writ of certiorari (article 746, Vernon's Sayles' Statutes) he was not entitled to the writ unless he had in his application there-

for stated facts showing "either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect." He stated no such facts in his application, and he therefore was not entitled to have the writ granted; and, it having been granted nevertheless, appellant, on motion made at the term to which the writ was returnable, was entitled to have it dismissed. Article 754, Vernon's Sayles' Statutes; Brown v. Sphor (Tex. Sup.) 16 S. W. 866. At that term appellant made such a motion, based on that ground among others. As appears in the statement above, the motion was not acted on until September 26, 1924, which was more than a year after it was filed. We have found nothing in the record suggesting a reason why the motion was overruled, notwithstanding the application for the writ was plainly insufficient, unless the delay of a year or longer in having it acted upon by the court was such a reason. It appeared that the county judge in office at the time the motion was filed and for longer than a year thereafter was disqualified to act thereon because he was of counsel for appellees in the justice court. If mere delay, without excuse therefor, would have been a reason for overruling the motion, certainly delay excused as that in question here was not such a reason. Crenshaw v. Home Lumber Co. (Tex. Civ. App.) 296 S. W. 342. In the case cited, the court said:

"It has been generally held that it was mandatory that the motion to dismiss must be made at the first term of the court to which it is returnable, or it will come too late, but we have found no decision holding that it is mandatory that it should also be acted on at the first term. The motion having been filed at the first term of the court to which the writ was returnable, and it being clear that it was urged at the first opportunity available to the mover, it was not waived."

 It is clear, we think, that the motion should have been sustained on the ground thereof stated above. It is also clear, we think, it should have been sustained on another ground thereof, to wit, that the judge who granted the writ was disqualified to do so because, as appears in the record, he was of counsel for appellees in the justice court. A disqualified judge cannot grant a writ of certiorari; and, if he undertakes to grant such a writ, his act is void. Fellrath v. Gilder, 1 White & W. Civ. Cas. Ct. App. § 1060; Baldwin v. McMillan, 1 White & W. Civ. Cas. Ct. App. § 515; Gaston v. Parker, 1 White & W. Civ. Cas. Ct. App. § 106; Frazier v. Coombs (Tex. Civ. App.) 236 S. W. 773. It is the granting of the writ and making the bond therefor that confers jurisdiction on the county court. Beauchamp v. Schiff, 3 Willson,

Civ. Cas. Ct. App. § 170. It follows, a writ never having been granted by a judge or court authorized to grant it, the county court was without power to hear and determine the cause, and should have dismissed it.

The judgment will be reversed, and the cause will be remanded to the county court, with instructions to dismiss it, at the same time directing the justice of the peace to proceed with the execution of the judgment of his court as provided in article 955, Revised Statutes of 1925.