## PARKER MOTOR CO. v. HAMILTON.
### (No. 1703.)

Court of Civil Appeals of Texas. Beaumont. July 26, 1928.

428

G. E. Richardson, of Jasper, and E. J. McLeroy, of Center, for appellant.

A. A. Miller, of Newton, and Adams & Hamilton, of Jasper, for appellee.

WALKER, J. In justice's court, precinct No. 1, Newton county, Tex., in cause No. 142, styled J. F. Hamilton v. Lonal Ferguson et al., the following judgment was entered:

"On the 4th day of December, 1926, came parties plaintiff in person by attorney, and defendants having been duly cited to appear and answer, but wholly made default, and the plaintiff having been introduced and testified that the account for $195 being the balance due on a Ford motorcar, motor No. 11978305, and that said account had not been paid, and that the debt was past due, and that it was unpaid.

"It is the opinion of the court that plaintiff should recover of and from the defendants Lonal Ferguson, of Newton county, Tex., and Parker Motor Company, a firm composed of F. E. Parker and C. M. Burnett, of Shelby county, Tex.

"It is further adjudged and decreed by the court that plaintiff recover of and from the defendants the sum of $195, together with all costs in this behalf incurred, and that the plaintiff may have his execution for its collection. It is further ordered, adjudged, and decreed by the court that the officers of this court have their execution for the collection of all costs in this behalf from the plaintiffs and defendants."

On the 28th day of February, 1927, the county judge of Newton county issued his order on application of Parker Motor Company, granting a writ of certiorari to remove this cause to the county court; Parker Motor Company complied with the conditions of the order; the writ was duly issued and served; the justice of the peace made up and filed with .the county clerk on the 29th day of March, 1927, a transcript of his docket, together with all papers in the case. The following is the substance of the application for the writ:

"Now comes your petitioners, Parker Motor Company, a copartnership whose residence is Shelby county, Tex., complaining of J. F. Hamilton, who resides in Newton county, Tex., and with respect represents to the court as follows:

"I. That your petitioner, Parker Motor Company, is a copartnership firm composed of F. E. Parker, Howard C. Parker, C. M. Burnett, J. Ross Hopkins, A. A. Beck, M. E. Terry, doing business under the assumed name of Parker Motor Company, at Center, Tex., and Timpson, Tex., in Shelby county, Tex., and have complied in all respects with the provisions of law relative to assumed name companies doing and transacting business under assumed names in this state, and especially with the provisions of title 97, c. 1, Statutes 1925, arts. 5924 to 5927, inclusive, in that your petitioner has long prior to the institution of the suit, the matter here complained of, filed with the clerk of the county court of Shelby county, Tex., in the county in which they have their domicile, a statement under oath showing the individuals who compose the firm of Parker Motor Company."

The foregoing quotation was followed by a statement of Hamilton's cause of action, a description of the judgment appealed from, the due issuance of an execution by the justice of the peace on the judgment, its return nulla bona, and the issuance of an alias, which was alleged to be in the hands of the sheriff of Shelby county. The petitioners charged that the judgment was void on the following grounds:

(1) Want of valid service.

(2) "Because the citation which was in fact served upon petitioners by serving same upon F. E. Parker and C. M. Burnett is wholly

void, in that said citation charges the name of the defendant to be 'Parker Motro Company, a firm composed of F. E. Parker and C. M. Burnett,' when in truth and in fact the Parker Motor Company, the defendant against whom the judgment was rendered, is a copartnership composed of the individual members as shown in paragraph I of this petition."

(3) Parker Motor Company never entered its appearance, and had no notice of the pendency of the suit except through the citation described in the second ground, supra, which citation was attached to the application.

(4) "That petitioner has a legal defense to such cause of action as was set up against it in said suit, which they have been precluded from asserting because of the illegal action in rendering judgment against them."

(5) A failure to make all members of the partnership of Parker Motor Company parties to the suit, alleging that the statement on file with the county clerk as set out in the second ground, supra, disclosed the names of the partners, and that Hamilton could have discovered their names by exercise of ordinary diligence.

(6) "Because the justice court of precinct No. 1 of Newton county was without jurisdiction to try and determine the cause of action, and without any further jurisdiction than to transfer the cause of action as against this petitioner to the court having jurisdiction of the parties in this: That petitioners timely filed, that is to say, they timely mailed by registered mail their pleas of privilege of each individual, which were by the purported citation attempted to be served, to the said C. M. Hollis, justice of the peace, for said justice precinct No. 1 of Newton county, as aforesaid, which were received by registered mail on the return day of the term at which such judgment was so illegally rendered against these petitioners; that by reason of the filing of such pleas of privilege, which were not controverted by affidavit, and in which no controverting affidavit was ever filed, and no service of such controverting affidavit served upon any of the parties so filing such pleas of privilege, deprived the court of jurisdiction to enter a valid judgment against these petitioners, and thereby and in consequence of which has rendered the judgment rendered in said court against these petitioners wholly void."

(7) The allegations under this ground are too general to constitute a ground of relief.

(8) "Your petitioner would come and show further that such suit as instituted against them and their codefendants is without basis or foundation, but to the contrary is fraudulent in its incipiency; that in truth and in fact the plaintiff J. F. Hamilton has no valid cause of action and never had a valid cause of action against any of these defendants, except it may have been against Lonal Fergu-son, of which these petitioners are not sufficiently informed to aver; that the citation as returned by the officer of Newton county, and which is the only evidence of any grounds for a cause of action found among the original papers in this suit, states none against this petitioner and they here charge that at no time was any act or thing prerequisite done in the premises as would entitle the plaintiff to any valid judgment against this defendant."

On the 25th day of March, 1927, which was at the term to which the writ of certiorari was returnable, Hamilton filed the following motion to dismiss the writ:

"To the Honorable E. A. Lindsey, Judge Presiding:

"Comes now J. F. Hamilton, defendant in the above entitled and numbered cause and moves the court to dismiss the Parker Motor Company's petition for certiorari filed in this court on the 28th day of February, A. D. 1927, for the following good and sufficient reasons to wit:

"1. This suit was filed in justice court, precinct No. 1, Newton county, Tex., on the 18th day of October, A. D. 1926, and citation issued the same date and was served by the sheriff of Shelby county, Tex., on F. E. Parker and J. E. Metcalf on the 25th day of October, A. D. 1926, and on the 16th day of November, A. D. 1926, citation was issued by the justice of the peace of precinct No. 1, Newton county, Tex., for C. M. Burnett and F. E. Parker, and was on the 19th day of November served upon said defendants F. E. Parker and C. M. Burnett by J. P. Defriend, constable of precinct No. ——, Shelby county, Tex., and on the 4th day of December, A. D. 1926, at a regular term of said justice court, precinct No. 1, Newton county, Tex., judgment was rendered for J. F. Hamilton, the plaintiff in said cause against all of defendants, to wit: Lonal Ferguson, who resides in Newton county, Tex., ——. The Parker Motor Company, F. E. Parker, and C. M. Burnett, who reside in Shelby county, Tex., for the sum of one hundred and ninety-five ($195.-00) dollars, the balance due on one Ford motorcar, motor No. 11978305, held and detained by said defendants from this plaintiff J. F. Hamilton, after demand had been made for the return or payment for said car.

"2. That neither of said defendants in said cause filed an answer in said cause nor did either of them appear at the December term of said court, 1926, but wholly made default.

"3. That the defendants C. M. Burnett, F. E. Parker, and J. E. Metcalf made oath in an attempted motion for a plea of privilege that they had been served in the case of J. F. Hamilton v. Parker Motor Company et al.

"4. That the plea of privilege complained by C. M. Burnett, F. E. Parker, and J. E. Metcalf was not received by the justice of peace of precinct No. 1, Newton county, Tex., until after judgment had been rendered for J. F. Hamilton.

"6. That defendant Lonal Ferguson resided in Newton county, Tex., and these defendants knew at the time that they made oath to said motion that the venue of said cause was in Newton county, Tex.

"7. That the judgment rendered in cause No.

142, justice court, precinct No. 1, Newton county, Tex., is a valid judgment against Lonal Ferguson, C. M. Burnett, F. E. Parker, and J. E. Metcalf.

"8. That it is now too late for these defendants to complain of the judgment as rendered in cause No. 142, justice precinct No. 1, Newton county, Tex., against them.

"9. That the application for writ of certiorari is not signed by Parker Motor Company, but instead is sworn to by C. M. Burnett and signed by G. E. Richardson and E. J. McLeroy, attorneys for petitioners.

"10. That the words complained of by the plaintiffs in this writ as being Perker Motro Company, as being wrong, amounts to nothing, as in the same citation the word 'Parker Motor Company,' are legible and intelligible, and there could be no reason for the complainants not understanding said citation."

This motion was continued from term to term, without prejudice to Hamilton's rights thereunder, until the 11th day of January, 1928, at a time when the case had been regularly set for trial, the motion was called in due order, and upon a hearing thereof in all things sustained and the proper orders made by the court dismissing the writ of certiorari. In support of the motion, the trial court filed conclusions of fact and law, finding, among other things, that the plea of privilege was not filed in the justice's court until after the rendition of judgment in that court, and giving in full detail the facts showing that the motion to dismiss was passed from term to term without prejudice to Hamilton's rights and as an accommodation to Parker Motor Company. It appears from the court's conclusions of fact that Hamilton was at all times ready to present his motion. On the facts thus found, the trial court made the following conclusions of law:

"That the writ of certiorari as to the Parker Motor Company should be dismissed in accordance with the motion of plaintiff J. E. Hamilton, filed on the 25th day of March, A. D. 1927, because of the failure of the petitioner to timely file an answer in the court below, and because of their failure to file in said court the several pleas of privilege until after rendition of final judgment therein against them. It being established by an examination of the transcript before this court, and an affidavit attached to one of the amended motions filed by the plaintiff, made by the justice of the peace, that such pleas of privilege were not received until after default judgment had been rendered against them in the court below, but on the same day said judgment was rendered, to wit, on December 4, 1926, the return day to which same was returnable in said court.

"That the default judgment rendered against Parker Motor Company, and the failure to file answer until after its rendition, deprives appellant Parker Motor Company of the right to prosecute its appeal by such writ of certiorari, but entitles plaintiff J. F. Hamilton to have the proceedings in this court dismissed herein, and remanded to the court below for proper observance and disposition.

"Therefore I conclude that said writ was properly dismissed with the entire proceedings."

The appeal is by Parker Motor Company from the judgment of dismissal. Appellant presents and urges twenty-nine propositions for reversal, based upon twenty-two assignments of error. Appellee replies by seven counter propositions.

## Opinion.

The propositions and counter propositions are too numerous to discuss separately, but all of them are reflected in the following general discussion:

This is an appeal from justice court to county court by certiorari. The office of a writ of certiorari, as prescribed by title 27, arts. 941–950, R. C. S. 1925, is simply to bring up to the county court from the justice's court the case tried by the justice of the peace, that it may be tried de novo. Hill v. Faison, 27 Tex. 428; O'Brien v. Dunn, 5 Tex. 570. When the writ has been granted, the proceeding in the justice's court can be looked to only for the purpose of determining whether it was properly issued; that being determined in the affirmative, the case must be tried de novo. Kellers v. Reppien, 9 Tex. 443; Miller v. Holtz, 23 Tex. 138; Nixon v. Padgett, 23 Tex. Civ. App. 689, 57 S. W. 854; J. I. Case, etc., Co. v. Lochridge (Tex. Civ. App.) 195 S. W. 266. The writ is not granted as a matter of right. Wilson v. Griffin, 1 White & W. Civ. Cas. Ct. App. § 1313, but the application is addressed to the discretionary powers of the court. McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864; Railway Co. v. Boyce (Tex. Civ. App.) 206 S. W. 112. The writ is available only to review a final judgment. Rea v. Raley (Tex. Civ. App.) 37 S. W. 169. The ruling on a plea of privilege is a final judgment, and may be reviewed under a writ of certiorari. Tillman v. Hood, 3 Willson Civ. Cas. Ct. App. § 191; Poole v. Pierce-Fordyce Oil Ass'n (Tex. Civ. App.) 209 S. W. 706; Specialty Service Corporation v. Armstrong (Tex. Civ. App.) 296 S. W. 958. The purpose of the writ is not to correct erroneous rulings, but only to have "the very right and justice of the case determined." Clements v. City of San Antonio, 34 Tex. 25. The writ of certiorari can be granted only upon application made in compliance with article 945, R. C. S. 1925, which is as follows:

"To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect."

Under this statute, the applicant must show that (a) the justice's court was without jurisdiction; or (b) that injustice was done

the applicant; and (c) that such injustice was not caused by the personal inexcusable neglect of the applicant. This article has been many times construed. Thus, under clause marked (a), supra, that the justice of the peace was without jurisdiction is a sufficient cause. Frazier v. Coombs (Tex. Civ. App.) 236 S. W. 773. But where the alleged ground is want of jurisdiction, the applicant must not only show that fact, but, if the issue is one of fact, such issue must be raised in the justice's court, or applicant must plead facts sufficient in law to excuse his failure to raise such issue in the justice's court. Spinks v. Mathews, 80 Tex. 373, 15 S. W. 1101. Where one has been served and the applicant pleads "injustice" as the ground for the writ, he must show good cause why he neglected to defend before the justice of the peace. Mays v. Hogan, 4 Tex. 24; McBurnett v. Lampkin, supra; Railway Co. v. Boyce, supra; Frazier v. Coombs, supra. To show that injustice was done, the facts must be stated with such fullness as to show injustice with reasonable certainty, McKensie v. Pitner, 19 Tex. 135; that is, with sufficient fullness to determine the merits of the application, Miner v. Gose, 1 White & W. Civ. Cas. Ct. App. § 73; Railway Co. v. Odom (Tex. App.) 16 S. W. 541. The facts, rather than the conclusion of the pleader, that he has suffered an injustice, must be given, and from these facts it must appear that another trial would probably result in a different judgment. Railway Co. v. Boyce, supra; McBurnett v. Lampkin, supra; Hall v. Collier (Tex. Civ. App.) 200 S. W. 880. Upon a proper showing of injustice by complying with the rule as just stated, a judgment by default may be removed to the county court. A. B. Richards Medicine Co. v. Dale (Tex. Civ. App.) 294 S. W. 345. But the applicant must show that the injustice complained of was not caused by his "own inexcusable neglect." Construing this statutory language, it has been held that the neglect of applicant's attorney causing the injustice is not chargeable to the petitioner, but it must be "his own." Lucas v. Harrison (Tex. Civ. App.) 139 S. W. 659; Poole v. Pierce-Fordyce Oil Ass'n, supra.

Article 953, R. C. S. 1925, provides:

"At the first term of the court to which the certiorari is returnable, the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond."

The requirement that the motion to dismiss must be made at the first term is mandatory and jurisdictional, Steinlein v. Dial, 10 Tex. 268; Holt v. McCasky, 14 Tex. 229; Brown v. Spohr (Tex. App.) 16 S. W. 866, and the motion must be limited to the grounds specified by said article 953. Webb v. University, 48 Tex. Civ. App. 264, 107 S. W. 86; Frazier v. Coombs, supra; J. I. Case, etc., Co. v. Lochridge, supra. Defects in the application will not be entertained in the absence of a motion to dismiss. White v. Casey, 25 Tex. 552. Where a motion to dismiss has been duly filed, the continuance of the case to one or more succeeding terms does not constitute a waiver or abandonment of the motion where the continuance was granted without prejudice. Beck v. Arkansas Motor Co. (Tex Civ. App.) 180 S. W. 942; Crenshaw v. Home Lumber Co. (Tex. Civ. App.) 296 S. W. 342; Poole v. Pierce-Fordyce Oil Ass'n, supra. As against the motion to dismiss, the allegations of the application must be taken as true, and can be neither contradicted nor aided by evidence aliunde. Von Koehring v. Schneider, 24 Tex. Civ. App. 469, 60 S. W. 277; Odom v. Carmona (Tex. Civ. App.) 83 S. W. 1100; Gould v. Sanders, 60 Tex. Civ. App. 410, 127 S. W. 899; Poole v. Pierce-Fordyce Oil Ass'n, supra.

While under article 2223, Revised Civil Statutes, a judgment may be rendered against a partnership, as construed, this article does not recognize a partnership as a distinct and separate entity capable of suing and being sued, but only as a status that can neither sue nor be sued. Burton v. Roff (Tex. Com. App.) 292 S. W. 159. Under the cited article, a judgment against a partnership will sustain an execution against the partnership assets where all members of the partnership are parties to the suit. Feldman v. Seay (Tex. Civ. App.) 291 S. W. 350; Braddock v. Gambill (Tex. Civ. App.) 291 S. W. 306. But, where all the partners are not before the court, judgment cannot be rendered against the partnership property. Burton v Roff, supra. The contracts of a partnership are joint as to all the partners and several as to each, and the holder of a claim against the partnership may proceed against one or more of the partners on their several liability or all of the partners on their joint liability. Fowler Commission Co. v. Chas. Land & Co. (Tex. Com. App.) 248 S. W. 314. But, where the action lies on a partnership liability, the plaintiff cannot have a judgment against one or more of the partners on their several liability except where such liability is specially pleaded. Texas Land & Cattle Co. v. Molina (Tex. Civ. App.) 258 S. W. 216.

On the foregoing propositions we deduce the following conclusions of law, disposing of all issues made by this appeal:

(1) The motion to dismiss the writ of certiorari was not lost or abandoned on the ground that it was not disposed of at the term to which it was filed.

(2) The application showing that C. M. Burnett was a member of the partnership, his affidavit to the facts of the application was sufficient and a compliance with article 944, Revised Civil Statutes.

(3) The discretion vested in the county court is subject to review under article 953,

authorizing motions to dismiss, and such a motion should be sustained when the writ has been improvidently granted. The county court had jurisdiction to dismiss the writ.

■ (4) The justice's court judgment in this case was a final judgment. The pleadings in the justice's court being oral, presumption is, in the absence of a showing to the contrary, that the plaintiff dismissed as to Metcalf before the rendition and entry of the final judgment. Being a final judgment, it was subject to review by the county court under the writ of certiorari.

■ (5) The ruling on a plea of privilege constitutes a final judgment, and is sufficient to sustain an appeal either direct or by certiorari. But the issues under such a plea are not made unless the plea has been filed in due order of pleading. Under article 2404, Revised Civil Statutes, the first day of each term of the justice's court is appearance day. Under 2405, if a defendant, who has been duly served, fails to appear, at or before 10 o'clock a. m. on that day, the justice of the peace is authorized to enter judgment by default against him, which was done in this case. The application for the certiorari did not allege that the plea of privilege was received by the justice of the peace before the entry of the judgment. No intendments can be indulged in favor of this allegation when attacked as appellee attacked this application by his motion. The petition for certiorari was insufficient to raise the issue or show that the plea of privilege was filed before the entry of the final judgment by the justice of the peace.

(6) All allegations of fact made by the application must be taken as true when attacked by motion to dismiss. Therefore the findings of fact in aid of the judgment of dismissal are immaterial and cannot be looked to in support of that judgment, except those facts showing that the motion to dismiss was passed without prejudice. On the pleadings, but not on the facts, the trial court correctly concluded that the allegations in regard to the plea of privilege were insufficient, since it did not appear on the face of the pleadings that the plea was duly filed. However, this conclusion does not support the judgment of dismissal, as the issues made by the plea of privilege constituted only one of the grounds for the writ made by the application.

■ (7) Though the application did not detail the facts of the defense to appellee's cause of action, it was not attacked upon the ground by the motion to dismiss. It was therefore sufficient to show that "injustice" resulted from the judgment. The application also showed that the delay in filing the plea of privilege was not the result of "inexcusable neglect" by Parker and Burnett. But, if there was "neglect," it was by their attorneys,

which would not defeat the application. Showing reasonable care to file the answer and that injustice would result from an enforcement of the default judgment, the application stated a statutory ground for the writ.

■ (8) The application also was good on the statutory ground that "the justice of the peace had not jurisdiction." No court has jurisdiction to enter judgment against a person not before it. Because a partnership can be brought into court only by suing all the partners, which was not done in this case, the justice of the peace was without jurisdiction to enter a judgment against the partnership. Appellee concedes that proposition, saying of his justice's court judgment, "It is likely true that the judgment against Parker Motor Company is void." Appellee's cause of action in the justice's court was not against Parker and Burnett on their several liability, but only as partners. Appellee, in his brief, so construes his cause of action. He says:

"This action was brought in the justice's court, precinct No. 1, Newton county, by the appellee, J. F. Hamilton, against Lonal Ferguson, a resident of Newton county, J. F. Metcalf, and Parker Motor Company, a firm composed of F. E. Parker and C. M. Burnett, Shelby county."

On that statement, Parker and Burnett in their individual capacity were not before the justice's court, and the justice's court was without jurisdiction to render a judgment against them on their several liability.

The judgment of the trial court is reversed, and the cause remanded for a new trial.